**Harry Eugene BONNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63205.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 15, 1982.

Rehearing denied Nov. 10, 1982.

---

7. Indeed, all relevant evidence is to the contrary.

8. *Holloway v. Arkansas,* supra.

Ray H. Potter, Houston, court appointed, for appellant; Janet M. Seymour, Houston, of counsel.

John B. Holmes, Jr., Dist. Atty., and Alvin M. Titus and Ken Magidson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P.J., and CLINTON and TEAGUE, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from a conviction for burglary of a vehicle; upon finding appellant had been previously convicted of a felony alleged for purposes of punishing him as a repeat offender, the trial court assessed punishment at fifteen years confinement.

The sufficiency of the evidence is assailed.

Viewed in a light most favorable to the jury's verdict of guilty, the evidence established that on the night of February 11, 1979, Joe Allen Mallot, a security guard, after making a routine survey of the premises operated by Courtesy Chevrolet, determined all vehicles on the lot were "secure." At approximately 10:30 p.m., however, the guard dogs became disturbed and the lead dog was allowed to direct Mallot to an area of the lot called the "new truck and fleet department." From six to twelve feet away Mallot could see a person whose face he could not see; however, according to Mallot, he "observed carefully what the man was wearing. He had a tweed driving cap, one of the slouch-brim [sic] caps, a coverall outfit, a zip-up front outfit." The man was moving around the vehicles and it appeared to Mallot that he was jacking up a two tone pickup.

Mallot left the fenced area to his own car, drove into a fire lane alley, exited his car

and with his revolver drawn, went back into the truck lot area in the compound. He observed a man coming out from under a white "van truck" and from behind it, between it and a brown van. At that point Mallot trained his weapon and announced to the intruder that he was under arrest. Mallot identified the person arrested as appellant and further testified he was dressed identically to the person he had earlier observed on the lot with the guard dog.

Mallot also testified there was a jack under the frame on the side of the passenger door of the two tone pickup; the "panel on that side of the truck was caved in by the jack." The front and rear right tires had been removed and propped against the white van which was next to the pickup. Asked whether he noticed anything unusual about the white van, Mallot stated he and two police officers "found the wing vent [window] had been penetrated. The wing vent was open and the rubber around that wing had been torn. * * * We found that the spare tire which was inside [the van] . . . had been removed from the vehicle."[1] From the brown van, which was parked directly behind the white van, the lug nuts of the left front tire had been removed and were laying on the ground.

Don Sanzo testified he was the truck sales manager at Courtesy Chevrolet, that in that capacity, he had care, custody and control of the vehicles on the truck lot, on February 11, 1979, and he gave no one permission to enter any of the vehicles and remove property.

By his second and third grounds of error, appellant contends the evidence is insufficient to support findings that he broke into and entered either the pickup or the brown van. His fourth ground of error assails the adequacy of the circumstantial evidence to establish he was the person who committed any of the acts in relation to any of the three vehicles. These contentions must be overruled.

The court's charge authorized the jury to return a verdict of guilty if they found appellant "on or about February 11, 1979, . . . did, with intent to commit theft, break and enter a *vehicle*,[2] owned by Don Sanzo, without his effective consent. . . ." Thus, under the court's charge, the jury was not required to find appellant had broken into and entered all of the three affected vehicles. The State's proof that the white van had been entered and the spare tire had been removed therefrom, was adequate to support the jury's verdict under the court's instructions. Accordingly, appellant's second and third grounds of error are overruled.

Further, it is clear that Mallot's testimony regarding all the circumstances of the offense, and particularly his description of the actor first observed near the vehicles coupled with the description of appellant at the time of his arrest, was adequate to justify an inference by the jury that appellant was the person who had entered the white van and tampered with the tires on both the brown van and the truck. Notwithstanding appellant's assertion at the time of his arrest, that he had seen another man on the truck lot that night, the State's evidence excludes every *reasonable* hypothesis other than appellant's guilt. Therefore, this fourth ground of error is overruled.

In his first ground of error, appellant contends the trial court reversibly erred by overruling his timely exception to the indictment on the ground that it failed to state specifically which vehicle the State would seek to prove was burglarized. Excluding the formal portions and the paragraphs alleging prior convictions for the purpose of enhancing the punishment, the indictment returned against appellant alleged that on February 11, 1979, he did,

"with intent to commit theft, break and enter a vehicle owned by Don Sanzo, hereafter styled Complainant, without the effective consent of the Complainant.

---

1. Mallot described the van in question as a "work van," explaining, "which means nothing inside but a spare tire."

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

It is further presented ... [appellant] ... unlawfully appropriated property, namely, two tires, two tire rims, and two truck jacks, owned by Don Sanzo ... of the value of over two hundred dollars and under ten thousand dollars, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant."

Appellant's written exception alleged, *inter alia,* that he was entitled to particularity as to what kind and type of vehicle was involved in the offense to be prosecuted. After the trial court overruled appellant's exception, the State elected to proceed on the first paragraph of the indictment and moved to dismiss the second paragraph alleging a theft.

Appellant now contends that since the record reflects the State offered evidence concerning three vehicles,[3] that party should have been required to narrow its theory of prosecution to a specific vehicle for purposes of providing precise notice on which he could prepare his defense, citing *Amaya v. State,* 551 S.W.2d 385 (Tex.Cr. App.1977). Further relying on *Amaya,* supra, and *American Plant Food Corp. v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974), appellant points out his exception was to the "form," rather than the "substance," of the indictment, brought as it was, under Article 27.09(2), V.A.C.C.P. which incorporates by reference several other articles which address sufficiency of an indictment's "form."

Appellant argues in conclusion that since his exception was to the "form" of the indictment, the State should have been required to cure the deficiency by amending the pleading under the direction of the trial court pursuant to Articles 28.10 and 28.11, V.A.C.C.P.[4]

The En Banc Court has held, however, that to permit amendment of an indictment in the context suggested by appellant would create a conflict with the constitutional right to indictment by grand jury. *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App. 1980) (Opinion on State's Motion for Rehearing).[5] The Court also there held it is improper to look to the record of the case in order to determine whether the indictment allegation constitutes adequate notice, since "it is from that accusation that notice must be had. * * * ... notice must come from the facts found and alleged by the grand jury in the indictment." *Id.,* at 302.

Thus, we are constrained to first test the adequacy of the allegation by its own terms, in a vacuum, so to speak.

The State has cited *Nichols v. State,* 494 S.W.2d 830 (Tex.Cr.App.1973) and *Howard v. State,* 480 S.W.2d 191 (Tex.Cr.App.1972), for the proposition that the name of the owner of property alleged to have been burglarized, is an adequate description of

---

**3.** The State concedes there was no evidence that either the brown van or the two tone pickup had been broken into or entered, within the meaning of V.T.C.A. Penal Code, § 30.04.

The record also reflects that during the deliberations on guilt or innocence, the jury caused a note to be sent to the court which read, "Would the removal of lug nuts and two tires on the truck be considered breaking and entering?"

The trial court responded in writing: "Members of the jury: I cannot answer your question."

Approximately 30 minutes later, another note from the jury:

"Your Honor: Will you please define the term intrude as used in the definition of the term enter?"

To which the judge replied, "Members of the jury: I am not permitted by law to give additional instructions."

**4.** Article 28.10, supra, provides:

"Any matter of form in an indictment or information may be amended at anytime before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance may be amended." Article 28.11, supra, provides:

"All amendments of an indictment or information shall be made with the leave of the court and under its direction."

**5.** The writer remains convinced that amendment of an indictment in such a case, in a manner consistent with the grand jury's allegations of the elements of the offense, fully effectuates dictates of both the Constitution and the Code of Criminal Procedure. See *Brasfield,* supra, (Clinton, J., Dissenting). But the En Banc Court has decided otherwise.

that property and additional identification of it is a matter of evidence. These cases are distinguishable, however, because the property burglarized there was real property, while in the instant case, the property involved was a vehicle.

Article 21.09, V.A.C.C.P. provides in pertinent part:

"If known, *personal property* alleged in an indictment shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be stated.... If the property be *real estate,* its general locality in the county, and the name of the owner, occupant or claimant thereof, shall be a sufficient description of the same."

Thus, by the clear terms of Article 21.09, supra, an adequate identification of any personalty alleged in an indictment includes its "name, kind, number, and ownership."

■ We accordingly hold that, upon appellant's timely exception to the indictment on this basis, the trial court erred by overruling it.

Next we turn to the question of harm, for an insufficiency in the allegations of an indictment which is a defect of form, will not require a reversal of the judgment unless it prejudices the substantial rights of the defendant. Article 21.19, V.A.C.C.P. See also *Craven v. State,* 613 S.W.2d 488 (Tex.Cr.App.1981).

As was observed *ante,* three different vehicles belonging to Don Sanzo were implicated in both the allegations contained originally in the State's pleading and the proof adduced at trial. Appellant's opportunity to defend the prosecution was necessarily diminished by the failure to inform him precisely of the accusation against him. See *King v. State,* 594 S.W.2d 425 (Tex.Cr. App.1980). The error, therefore, requires reversal of the judgment and dismissal of the indictment. *Brasfield,* supra.

It is so ordered.