**Jimmy Allen INMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62587.**

Court of Criminal Appeals of Texas, En Banc.

May 18, 1983.

Richard C. Jenkins, Dallas, for appellant.

Henry Wade, Dist. Atty. and Stanley Keeton & Cathy Crier, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

This is an appeal from a conviction for the offense of attempted theft of an automobile. The court assessed punishment at fifteen days confinement in the Dallas County Jail and a fine of $500.

The sufficiency of the evidence is challenged. Viewing the evidence in the light most favorable to the verdict, *Fernandez v. State,* 564 S.W.2d 771 (Tex.Cr.App.1978), the record reflects that on July 9, 1978 at approximately 3:00 a.m., a neighbor heard a car start in the body shop parking lot of Frank Parra Chevrolet. She then observed a person, whom she identified as appellant, leaving one car and opening the door of a second car on the lot. She thereafter telephoned the police, who arrived at the dealership and took three suspects into custody, one of whom was appellant.

At the time the arresting officer first observed appellant he was standing on the dealership property, outside of, but next to, the chain link fence surrounding the lot. The fence was topped with barbed wire; appellant appeared to have fresh scratch marks on his arms.

The maintenance man and security guard for the dealership testified that he was the custodian of the vehicles in the lot and that he had not given permission to appellant or anyone else to remove any of them.

V.T.C.A., Penal Code, Section 15.01, defines the offense of criminal attempt. Section 15.01(a) provides:

"(a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

The intended offense in the present case is that of theft, V.T.C.A., Penal Code, Section 31.03, which provides, in pertinent part:

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent;"

The record clearly reflects that appellant did an act amounting to more than mere preparation which tended but failed to effect the completed crime of theft. From a consideration of the totality of the circumstances surrounding appellant's actions, a specific intent to commit the offense of theft can be inferred. The fact that appellant turned the vehicle's ignition off and climbed back over the fence shows only that for some reason he decided that he could not successfully complete the theft.

The evidence adduced is sufficient and appellant's sixth point of error is overruled.

Appellant's first ground of error contends that the State failed to prove the issue of ownership as alleged in the information.

The purported attempt took place in a body shop parking lot and therefore involved an automobile owned by an individual customer rather than by the dealership

itself. The information alleged ownership in Charles Clark, the daytime maintenance man and security guard responsible for the security of all vehicles placed in the lot.

The question therefore becomes whether Clark qualified as a "special owner" of these automobiles.

V.T.C.A., Penal Code, Sections 1.07(a)(24) and (28) provide:

"(24) 'Owner' means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor."

"(28) 'Possession' means actual care, custody, control or management."

In *Compton v. State,* 607 S.W.2d 246 (Tex.Cr.App.1980) (Opinion on State's Motion for Rehearing), this Court held[1] that the three ways that ownership may be alleged are that the named individual had (1) title to the property, (2) possession, or (3) a greater right to possession than the defendant. See also *Smallwood v. State,* 607 S.W.2d 911 (Tex.Cr.App.1979) and *Johnson v. State,* 606 S.W.2d 894 (Tex.Cr.App.1980).

In the instant case, although appellant showed that title to the automobile was in an individual unnamed customer, the evidence clearly showed that Clark, as security guard, had "actual care, custody, control or management" of the vehicle.

■ The nature of his employment as security guard qualified Clark as a special owner of the automobile with possession under Sec. 1.07(a)(28), supra. The State's evidence was sufficient and appellant's first ground of error is overruled.

Appellant next contends that the trial court erred by failing to include the words "said act amounting to more than mere preparation that tended but failed to effect the commission of the offense intended" in the portion of the charge applying the law to the facts of the case. Penal Code, Sec. 15.01(a), supra. Counsel for appellant timely objected to the charge and requested a jury instruction containing the omitted phrase.

The paragraph immediately preceding the portion of the charge to which appellant objects reads as follows:

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended."

■ The charge must be read as a whole, and the review thereof must not be limited to any part standing alone. *Daniel v. State,* 486 S.W.2d 944 (Tex.Cr.App.1972); *Pittman v. State,* 554 S.W.2d 190 (Tex.Cr.App.1977); *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App.1978); *Jackson v. State,* 591 S.W.2d 820 (Tex.Cr.App.1979) (Opinion on Court's Motion for Rehearing).

■ While we agree with appellant that the court should have included the omitted phrase in the portion of the charge applying the law to the facts, after viewing the charge in its entirety we do not find that the omission requires reversal.

■ In his third ground of error, appellant contends that the trial court erred both in failing to quash the information and in charging the jury because no offense was alleged or charged. The information states in pertinent part that appellant did:

"then and there with the specific intent to commit the offense of theft, attempt to appropriate property, other than real property, namely: an automobile of the value of at least $200.00 but less than $10,000.00 by knowingly and intentionally attempting to remove said automobile, without the effective consent of Charles Clark, the owner of the property, and with the intent to deprive the owner of the said property; said act amounting to more than mere preparation that tended but failed to effect the commission of the offense intended."

Appellant maintains that the phrase "attempting to remove" does not constitute an offense and therefore both the information and the charge were defective. We find no merit in this contention.

1. Overruling *McGee v. State,* 572 S.W.2d 723 (Tex.Cr.App.1978).

Under V.T.C.A., Penal Code, Section 15.-01(a), the offense of criminal attempt has the following essential elements:

1) a person

2) with specific intent to commit an offense,

3) does an act amounting to more than mere preparation,

4) that tends but fails to effect the commission of the offense intended.

Both the information and charge in question include each and every essential element of the offense of attempt (see previous discussion of point of error two as to the sufficiency of the charge).

The phrase "attempting to remove", as used here, is simply a factual allegation relating to the underlying offense of theft. There need not be an allegation of all constituent elements of the offense of theft in an information or charge dealing with the offense of attempt. The same rule is applied in other situations involving offenses underlying the offense at bar. *Davis v. State,* 532 S.W.2d 626 (Tex.Cr.App.1976). See also *Cody v. State,* 605 S.W.2d 271 (Tex.Cr.App.1980); *Prophet v. State,* 601 S.W.2d 372 (Tex.Cr.App.1980); *Williams v. State,* 544 S.W.2d 428 (Tex.Cr.App.1976).

The information and charge are sufficient and this contention is overruled.

Without resort to authority, appellant's fourth point of error states that the court erred in overruling his motion to quash the information for failing to explain the term "remove". He maintains that failure to explain where the automobile was being removed from or how it was to be removed deprived him of adequate notice.

■ The general rule is that a motion to quash will be allowed if the facts sought are essential to giving notice. However, unless a fact is essential, the indictment need not plead evidence relied on by the

State. *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981) (Opinion on State's Motion for Rehearing).

■ Although "remove" could encompass various acts, as used in the present case it is simply a factual description of the underlying offense and is in no way essential to giving notice in light of an otherwise sufficient information. The description requested by appellant was "essentially evidentiary" rather than being required for purposes of notice and plea in bar. *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr.App.1980). It was therefore not error for the trial court to deny appellant's motion to quash on these grounds.

■ Appellant's final contention is that the court erred in failing to quash the information and in charging the jury due to the vagueness of the phrase "an automobile". He maintains that the phrase does not meet the requirements of Article 21.09, V.A.C. C.P.[2]

In *Gaines v. State,* 501 S.W.2d 315 (Tex. Cr.App.1973), this Court dealt with the sufficiency of a similar indictment which described the stolen property as "one automobile of the value of over $50.00." The appellant argued that the allegations failed to apprise him of facts with sufficient clarity to enable him to intelligently prepare his defense, and therefore the trial court erred in overruling his motion to quash said indictment. In affirming the appellant's conviction, this Court stated:

"While the indictment in the case at bar could have been more specific, its allegation that appellant unlawfully and fraudulently took 'one automobile of the value of over $50.00' was sufficient to apprise him of the nature of the charge against him." 501 S.W.2d at 317.

We find the holding in *Gaines,* supra, to be controlling in the case at bar. The description as "an automobile" in both the

**2.** Article 21.09, V.A.C.C.P. reads as follows:

"If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice. If the property be real estate, its general locality in the county, and the name of the owner, occupant or claimant thereof, shall be a sufficient description of the same."

information and the charge clearly describes a single vehicle, as does "one automobile" in *Gaines*, supra. See also *Wood v. State*, 632 S.W.2d 734 (Tex.Cr.App.1982), and the numerous cases cited therein. Both the information and the charge are sufficient, and appellant's final ground of error is overruled.[3]

The judgment is affirmed.

TEAGUE, Judge, dissenting.

It appears to me that the majority opinion, see particularly its footnote 3 of the opinion, has totally failed to give appellant the benefit of the principles of law stated in *Bonner v. State*, 640 S.W.2d 601 (Tex.Cr.App.1982). See Art. 21.09, V.A.C.C.P.

Appellant, in his final ground of error, argues that the trial court should have granted, rather than overruled, the pre-trial motion to quash he had filed. He claimed in the motion that the words, "an automobile," should have been more definitely stated in the charging instrument. The majority overrules the ground of error, holding that the mere description, "an automobile," was sufficient to give the appellant notice of what he was accused of committing.

It is, of course, the general rule that the charging instrument is to be judged by what is facially stated and not by what the evidence may later reveal at trial. *Jeffers v. State*, 646 S.W.2d 185 (Tex.Cr.App.1983) (On State's Motion for Rehearing).

However, in *Bonner v. State*, supra, this Court was confronted with a charging instrument that alleged the defendant broke into and entered "a vehicle." The defendant filed a pre-trial motion to quash, claiming therein that he was entitled "to particularity as to what kind and type of vehicle was involved in the offense to be prosecuted." The motion was overruled. The evidence adduced at trial reflected there were three motor vehicles, and not just one motor vehicle, involved in the case. This Court first held that the motion to quash should have been sustained, and then held that because there were three motor vehicles involved, the error was not harmless to the defendant's case.

Because I am unable to distinguish in principle either the charging instrument in *Bonner* or the facts in *Bonner* from the charging instrument or the facts in this cause, I must respectfully dissent to the majority's holdings; that the motion to quash was not any good *and* that appellant has not shown any harm in this cause.

---

3. Appellant further argues in his brief that the information and the subsequent charge to the jury were fatally defective due to evidence adduced at trial concerning two automobiles rather than only one. This Court cannot test the sufficiency of a charging instrument by looking at the evidence which was later brought out at trial, *Brasfield v. State*, 600 S.W.2d 288, 294–295 (Tex.Cr.App.1980); the argument has no merit. See and compare *Bonner v. State*, 640 S.W.2d 601 (Tex.Cr.App.1982), in which evidence of additional vehicles was considered only in determining whether harm arose from the trial court's wrongful overruling of the appellant's motion to quash.

In *Bonner*, supra, an indictment alleging burglary of "a vehicle" was held to be insufficient under the provisions of Art. 21.09, supra; facially testing the "adequacy of the allegation by its own terms" the description as "a vehicle" was found inadequate to properly place the defendant on notice. After the indictment was found to be defective, and the trial court's overruling of the motion to quash was held to be error, the Court *then* reviewed the evidence adduced at trial only to decide the issue of the harm caused by the inadequate allegation. No evidence was considered in reviewing the question of notice; evidence was only considered in reviewing the *harm* caused by the trial court's error.

In the case at bar, the allegation of "an automobile" is *not* insufficient under Art. 21.09, supra. *Gaines v. State*, supra. The trial court correctly overruled appellant's motion to quash, and therefore the questions of harm caused by any later adduced evidence of two automobiles should never be reached. *Brasfield*, supra; *Jeffers v. State*, 646 S.W.2d 185 (Tex.Cr.App.1983) (Opinion State's motion for rehearing) (Clinton, J. dissenting).

Although the language of *Jeffers*, supra, seems to indicate that the rule of *Bonner*, supra, is no longer viable, both those cases dealt with situations where the motion to quash was improperly overruled, and are thus distinguishable from the instant case in which the motion to quash was properly overruled. The holding in the case at bar is compatible with the rules of both *Jeffers* and *Bonner*. The conflict alluded to by the dissenting opinion is therefore illusory.

If, however, the majority is holding, without so stating, there is a distinction between the terms "an automobile" and "a vehicle," in the context of these two causes, show me dissenting twice.

As reflected by many of this Court's past decisions, the terms "automobile" and "vehicle" are used interchangeably, and are often used one for the other to mean the same thing: a form of conveyance. Thus, I have always thought that whether a particular form of conveyance was described as a "car," a "motor car," an "auto," and "automobile," a "jalopy," "wheels," a "heap," a "vehicle," or a "motor vehicle," made no difference as the meaning was the same: the term used was simply a shorthand rendition to describe a motor propelled conveyance. *Bonner,* however, says there is a difference. There is no difference. *Bonner* should be reaffirmed or it should be overruled. To the majority's failure to do either, I respectfully dissent.

ODOM and CLINTON, JJ., join.