**Albert Wallace WALTERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–00046–CR.**

Court of Appeals of Texas,
Dallas.

April 8, 1985.

Donald C. Adams, Irving, for appellant.

Dennis E. Guffey, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, ALLEN and GUILLOT, JJ.

ALLEN, Justice.

Albert Wallace Walters appeals his conviction for burglary of a vehicle. His sentence was assessed at five years in the Texas Department of Corrections. Two grounds of error are urged on appeal: (1) that ownership of the vehicle was insufficiently established; and (2) that the trial court erred in denying appellant's motion to quash the indictment. We agree with appellant's ground of error number two and, therefore, reverse the judgment of the trial court.

Walters was indicted for knowingly and intentionally breaking into and entering a vehicle without the effective consent of the owner, Randy Lane, with intent to commit theft. The evidence brought out at trial shows that Walters was arrested along with two co-defendants while rummaging through clothes on the ground next to a boxcar. The seal on the boxcar door had been broken and the door was open. The clothes had been removed from the boxcar.

In his first ground of error, appellant argues that the State failed to prove ownership of the vehicle was in Randy Lane. As this ground of error involves a claim of insufficiency of the evidence to sustain a conviction, it must be addressed. Appellant argues that there is no testimony showing that Lane had care, custody, con-

trol or management of the boxcar, and therefore, Lane could not be considered as an owner. We disagree.

An owner is a person who has: title, possession, or a greater right to possession than the actor. TEX.PENAL CODE ANN. § 1.07(a)(24). Possession is defined as care, custody, control, or management. TEX.PENAL CODE ANN. § 1.07(a)(28).

The record reveals the boxcar was the property of Missouri-Pacific Railroad. Further, the evidence shows that Lane was a commissioned peace officer for the Security Department of Missouri-Pacific. Lane testified that he was the owner of the vehicle at the time of appellant's arrest and that his right of possession to the vehicle was greater than appellant's. Moreover, Lane testified that Walters did not have his permission, or the permission of anyone authorized to act for him, to enter or break into the boxcar. Nothing in the record indicates that appellant had any ownership rights in the boxcar.

A security guard is hired to protect property; by the reason of such employment, security personnel have a right of possession. *Smallwood v. State*, 607 S.W.2d 911 (Tex.Crim.App.1980); *Johnson v. State*, 606 S.W.2d 894 (Tex.Crim.App. 1980); *Teague v. State*, 628 S.W.2d 240 (Tex.App.—Fort Worth 1982, no pet.). Moreover, as a result of Lane's testimony it can logically be inferred that he had care, custody, control or management of the boxcar. Thus, we hold that Lane had a greater right of possession of the vehicle than appellant, and therefore, Lane qualifies as an owner under the statute. This ground of error is overruled.

In his second ground of error, Walters contends that the trial court erred in denying his motion to quash because the indictment failed to describe the vehicle by "name, kind, number and owner" as required by TEX.CODE CRIM.PROC. art. 21.09 (Vernon Supp.1984).

We agree with appellant that the word "vehicle" alone does not describe personal property with sufficient particularity

to meet article 21.09 standards. In *Bonner v. State*, 640 S.W.2d 601, 603 (Tex.Crim. App.1982), the Court of Criminal Appeals considered an indictment alleging burglary of "a vehicle." The court tested the adequacy of the indictment "by its own terms, in a vacuum, so to speak," and concluded that the term "vehicle" was not specific enough for the indictment to meet the requirements of article 21.09. *Id.* at 604–05; *see also, Inman v. State*, 650 S.W.2d 417, 421 n. 3 (Tex.Crim.App.1983). Thus, the State failed to allege everything in the indictment necessary to be proved. TEX. CODE CRIM.PROC.ANN. art. 21.03. We therefore conclude that the trial court erred in overruling appellant's motion to quash. Since the indictment did not, on its face, give appellant adequate notice of the charges against him, we must reverse the judgment of conviction. *Jeffers v. State*, 646 S.W.2d 185, 188–89 (Tex.Crim.App. 1983) (on rehearing en banc); *see also, Inman*, 650 S.W.2d at 421 n. 3.

The judgment is reversed and the cause remanded with instructions to dismiss the indictment in compliance with appellant's motion to quash.