Albert Wallace **WALTERS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–84–00046–CR.

Court of Appeals of Texas,
Dallas.

June 13, 1986.

Donald C. Adams, Irving, for appellant.

Wm. Randell Johnson, Dallas, for appellee.

Before GUILLOT, SCALES and STEWART, JJ.

SCALES, Justice.

This case is on remand from the Texas Court of Criminal Appeals. On original submission, we followed *Bonner v. State*, 640 S.W.2d 601 (Tex.Crim.App.1982), and held that the trial court erred in overruling appellant's motion to quash the indictment because the indictment, which alleged burglary of a "vehicle", failed to adequately describe the vehicle. *Walters v. State*, 691 S.W.2d 22,.23 (Tex.App.—Dallas 1985), *reversed* 704 S.W.2d 330 (Tex.Crim.App. 1986). Additionally, we followed *Jeffers v. State*, 646 S.W.2d 185 (Tex.Crim.App.1981), and reversed since the indictment did not, on its face, give appellant adequate notice of the charges against him. *Walters*, 691 S.W.2d at 23. The Court of Criminal Appeals remanded the case for reconsideration of appellant's second ground of error (the ground upon which we reversed the conviction) in light of *Adams v. State*, 707 S.W.2d 900 (Tex.Crim.App.1986), which overruled *Jeffers*. After such reconsideration, we affirm the conviction.

In *Adams*, the Court of Criminal Appeals enunciated the following three-step analysis when considering an issue concerning a motion to quash:

> The important question is whether a defendant had notice adequate to prepare his defense. The first step in answering this question, but only the first step, is to decide whether the charging instrument

failed to convey some requisite item of "notice". The next step is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and, finally, how great an impact. *Adams*, 707 S.W.2d at 903. Under the *Adams* analysis, we have completed the first step. We held, and still hold, that the indictment failed to give appellant adequate notice of the charges against him because the indictment did not adequately describe the burglarized vehicle. *See Walters*, 691 S.W.2d at 23; *see also Bonner*, 640 S.W.2d at 604–05.

Now we must take the last two steps in the analysis mandated by *Adams*, and decide, (1) whether in the context of this case, the notice defect in the indictment had an impact on appellant's ability to prepare a defense and (2) if so, determine how great was the impact. *Adams*, 707 S.W.2d at 903.

The evidence shows that appellant and two co-defendants were observed removing old clothing and rags from the vehicle in question—a railroad box car which was located on a railroad siding. No other box cars were in the area of the one burglarized, and the State did not offer evidence concerning any other vehicles. Appellant and his co-defendants were apprehended while rummaging through the clothing which they had thrown on the ground next to the box car.

Appellant testified that he was walking by the box car on his way to being picked up to go to work. He stated that when he arrived at the box car, its door was open and clothes were scattered nearby over the railroad tracks. He further testified that the two co-defendants were already at the box car when he arrived, but that no one rummaged through any of the clothing.

In the context of this case, we hold that the notice defect in the indictment had *no* impact on appellant's ability to prepare a defense. Unlike the State's evidence in *Bonner* which concerned three different vehicles, the State's evidence here concerned only one box car. Further, appellant's testimony reveals that he was not confused or uncertain about what vehicle was burglarized. Thus, the notice defect in the indictment had no impact on his ability to prepare his defense that he did not commit the burglary and was an innocent passerby.

Since we have held that the notice defect had no impact on appellant's ability to prepare a defense, we need not address the third step of *Adams* and determine how great the impact of the notice defect was on appellant's ability to prepare a defense. However, since we have been directed to consider appellant's second ground of error in light of *Adams*, if it can be said that the notice defect impacted on appellant's ability to prepare a defense, we hold that such impact was insignificant. No harm was shown. Appellant's second ground of error is overruled.

Affirmed.