Leonard Wayne KITT, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–93–00083–CR.

Court of Appeals of Texas, Texarkana.

Argued March 15, 1994.

Decided March 25, 1994.

Ken Goode, Charles Hinton, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County Courthouse, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Leonard Kitt appeals his conviction for capital murder. The question on appeal is whether the trial court's instruction to the jury regarding the victim's justified use of deadly force to protect his property constituted an improper comment on the weight of the evidence. We conclude that the instruction was not a comment on the weight of the evidence and affirm.

Kitt was identified as one of three men who robbed a convenience store. As the men were leaving the scene of the robbery, the store owner armed himself and followed them into the parking lot. Shots were fired, and the store owner was killed. Kitt was convicted of capital murder and given a life sentence.

In its charge to the jury, the trial court included an instruction regarding when a

person is justified in using deadly force. *See* TEX. PENAL CODE ANN. §§ 9.41–.42 (Vernon 1974). The trial court overruled Kitt's objection that this instruction constituted a comment on the weight of the evidence. While an instruction on justification is usually designed for the use of a defendant, it is undisputed that the instruction in the present case pertains only to the store owner's actions. This instruction was unnecessary to the resolution of any issues in the case.

■ Kitt complains that the instruction, for all practical purposes, tells the jury that a robbery was taking place and that the victim was justified in using deadly force to protect his property. Kitt also complains that the unnecessary instruction improperly assumed the truth of a controverted issue, namely Kitt's involvement in the robbery and shooting, and undermined his alibi defense. Kitt presented the testimony of eight witnesses, in addition to himself, to support his alibi defense.

■ A trial court is prohibited from expressing any opinion as to the weight of the evidence, summing up the testimony, discussing the facts, or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury. TEX.CODE CRIM.PROC.ANN. art. 36.14 (Vernon Supp. 1994). A charge that constitutes a comment by the court on the elements of the alleged offense or assumes the truth of a controverted issue is a comment on the weight of the evidence and is erroneous. *Whaley v. State,* 717 S.W.2d 26, 32 (Tex.Crim.App.1986); *Grady v. State,* 634 S.W.2d 316, 317 (Tex.Crim. App. [Panel Op.] 1982). In considering an alleged charging error, we consider the charge as a whole rather than as a series of isolated statements. *Holley v. State,* 766 S.W.2d 254, 256 (Tex.Crim.App.1989); *Inman v. State,* 650 S.W.2d 417, 419 (Tex.Crim. App.1983); *see also Whaley,* 717 S.W.2d at 32–33 (reviewing the charge as a whole in determining whether the charge assumed the truth of a controverted issue).

■ While the language Kitt complains of is unnecessary and erroneous,[1] it is not a

---

1. For example, in defining the phrase "deadly    force," the charge deviates from the statutory

comment on the weight of the evidence. The instruction sets forth an abstract theory of law regarding when a person is justified in using deadly force, but does not single out testimony in this case or otherwise assert that the store owner was justified in taking the action he did.[2]

The charge properly instructs the jury on the offenses of capital murder, murder, felony murder, and aggravated robbery. The charge also instructs the jury on the law regarding accomplice testimony and includes an instruction on Kitt's alibi defense. Before the jury could convict Kitt of capital murder, the charge required the jury to find that, among other things, beyond a reasonable doubt Kitt engaged in the commission or attempted commission of the felony offense of robbery; solicited, encouraged, directed, aided, or attempted to aid in the commission or attempted commission of the robbery; or conspired with others to commit a felony. The offense of robbery is defined in the charge.[3]

Viewed in its entirety, the charge does not constitute a comment on the elements of the offense or assume the truth of Kitt's involvement in the robbery and ensuing shooting. We resolve this question in favor of the State.

We find no reversible error and affirm.

---

definition by using the term "defendant" in place of the word "actor." Tex.Penal Code Ann. § 9.01(3) (Vernon 1974). This deviation is both incorrect and confusing because the victim, not Kitt, was the actor.

2. Our decision holding that this instruction was not a comment on the weight of the evidence should not be taken as approval of the giving of this instruction under the circumstances. This instruction was given at the State's request over objection. The prosecutor argued based upon this instruction several times to the jury, emphasizing the fact that the victim's conduct was justified. This conduct was not in question, and the instruction should not have been given. Our decision should not be taken as encouraging the

State to seek this instruction in other cases like this simply because we found under the circumstances of this case it was not a comment on the weight of the evidence. The State should not be allowed to repeat the error of obtaining this instruction with impunity. *See Higginbotham v. State*, 807 S.W.2d 732, 737 (Tex.Crim.App.1991); *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim. App.1989).

3. There is no evidence to dispute the occurrence of a robbery at the convenience store and the shooting in the parking lot. Instead, Kitt's identity as one of the three men who robbed the store was the primary issue in the case and alibi was Kitt's primary defense at trial.