Opinion issued September 29, 2005







  

In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00633-CR




LEONARD WAYNE KITT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 643412




MEMORANDUM OPINION

          Appellant, Leonard Wayne Kitt, appeals the trial court’s order denying his
motion for post-conviction DNA testing, pursuant to article 64.03(a) of the Texas
Code of Criminal Procedure. In three issues, appellant contends that the trial court
erred by denying his motion for post-conviction DNA testing on biological material
obtained during the original case investigation and that his appointed counsel
rendered ineffective assistance during the DNA hearing. We affirm the order of the
trial court.
Background
          A jury convicted appellant of capital murder and assessed his punishment at
confinement for life, and the Texarkana court of appeals affirmed appellant’s
conviction. Kitt v. State, 875 S.W.2d 19 (Tex. App.—Texarkana 1994, pet. ref’d). 
Following his conviction, appellant filed a pro se motion for post-conviction DNA
testing under article 64.03(a) of the Texas Code of Criminal Procedure.


 
          In his motion, appellant asserted that identity was an issue at trial. Specifically,
appellant asserted that the State presented two conflicting descriptions of appellant.
During a pre-trial identification hearing and at trial, Sonya Johnson testified that
appellant was a “tall guy, about 24 to 26. He was bright. He had short hair, but it was
naturally curly. He was taller than the other two men, but he was not real tall, maybe
5'10". The one thing I remember is he had real big eyes.” Officer L.S. Ott testified
that Demetrius Turner, a co-defendant, told him that appellant was “a black male,
approximately 32 years of age, medium build, dark complected, and having no facial
hair.” 
          Appellant’s motion requested post-conviction DNA testing on the “bloody”
material collected during the case investigation and on his own blood, tissue, and
hair. He also requested that his eyes be measured. Finally, appellant asserted that all
of the evidence is still available for scientific testing and asserted that he would not
have been prosecuted or convicted if exculpatory results had been obtained through
DNA testing. Following the hearing, the trial court denied appellant’s motion.
Post-Conviction DNA Testing 
          In his first issue, appellant contends that the DNA testing would establish “the
absence of his blood on the evidence collected during the case investigation” and
would show that he was not the person who killed the complainant. 
Standard of Review
          We review a trial court’s denial of a motion for post-conviction DNA testing
under a bifurcated process. See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997). We afford almost total deference to the trial court’s determination of
historical-fact issues and application-of-law-to-fact issues that turn on credibility and
demeanor, while we review de novo other application-of-law-to-fact issues. Id. 
However, the ultimate question of whether a reasonable probability exists that
exculpatory DNA tests would have proven innocence is an application-of-law-to-fact
question that does not turn on credibility and demeanor and is, therefore, reviewed
de novo. Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).
Analysis
          A court may order post-conviction DNA testing only if three requirements are
satisfied: (1) the evidence still exists and is in a condition making DNA testing
possible; (2) the evidence has been subjected to a chain of custody sufficient to
establish that it has not been substituted, tampered with, replaced, or altered in any
material respect; and (3) identity was or is an issue in the case. Tex. Code Crim.
Proc. Ann. art. 64.03(a)(1)(A),(B) (Vernon Supp. 2004-05). Additionally, appellant
must establish by a preponderance of the evidence that he would not have been
convicted if exculpatory results had been obtained through DNA testing. Tex. Code
Crim. Proc. Ann. art. 64.03(a)(2)(A) (Vernon Supp. 2004–05). The statutory
requirement that testing results be exculpatory is not met if the DNA evidence would
“merely muddy the waters.” Rivera, 89 S.W.3d at 59. Instead, the evidence must
tend to prove the defendant’s innocence. Id. DNA testing must conclusively
outweigh all other evidence of appellant’s guilt. Id.; see also Thompson v. State, 95
S.W.3d 469, 472 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).
          Here, appellant argues that DNA testing would exculpate him because pieces
of glass, still in the possession of the Harris County District Clerk’s office, might
contain blood from someone other than the complainant or the other two co-defendants.


 During the DNA hearing, however, the State responded that no such
evidence existed. Furthermore, the State explained that, “even if there was blood on
the glass, it wouldn’t be [appellant’s blood because there was no evidence that 
appellant was shot, cut or bled]; therefore, DNA testing on the glass would not prove
[appellant’s] innocence.” Moreover, in its findings of fact and conclusions of law,
the trial court found that “there is not any property and/or evidence in the possession
of the HPD Property Room” relating to the case.


 Because appellant failed to satisfy
his burden of proving that the evidence still existed and the evidence was in a
condition making DNA testing possible, we hold that the trial court did not abuse its
discretion in denying appellant’s motion for DNA testing. See Tex. Code Crim.
Proc. Ann. art. 64.03(a)(1)(A)(i) (Vernon Supp 2004-05). 
          We overrule appellant’s first issue.
Ineffective Assistance of Counsel
          In his second and third issues, appellant contends that his appointed counsel
rendered ineffective assistance during the DNA hearing. Specifically, appellant
asserts that his appointed counsel rendered ineffective assistance by failing to (1)
offer evidence from his 1993 jury trial and (2) obtain rulings on motions made during
DNA hearing.
          In general, there is no federal constitutional right to counsel during a post-conviction collateral attack. Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct.
1990, 1993 (1987). Nor is there such a right under the Texas Constitution. Ex parte
Mines, 26 S.W.3d 910, 913 (Tex. Crim. App. 2000). However, a convicted person
is, by statute, entitled to counsel during a proceeding under Chapter 64 of the Code
of Criminal Procedure. See Act of April 5, 2001, 77th Leg., R.S., ch. 2, § 2, 2001
Tex. Gen. Laws 2, 3 (amended 2003) (current version at Tex. Code Crim. Proc.
Ann. art. 64.01(c) (Vernon Supp. 2004-2005)).


 The United States Supreme Court
has held that a legislative decision to provide appointed counsel for a prisoner
mounting a post-conviction collateral attack does not trigger a constitutional right to
effective representation in that proceeding. Finley, 481 U.S. at 559, 107 S. Ct. At
1990; In re Beasley, 107 S.W.3d 696, 698 (Tex. App.—Austin 2003, orig.
proceeding). 
          Accordingly, we overrule appellant’s second and third issues.
Conclusion
          We affirm the judgment of the trial court. All pending motions are denied as
moot.
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Hanks.
Do not publish. Tex. R. App. P. 47.4.