PD-0400-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/7/2015 11:01:43 PM
Accepted 4/15/2015 11:18:01 AM
ABEL ACOSTA
CLERK

No. 14-14-00335-CR

IN THE

## COURT OF CRIMINAL APPEALS

## STATE OF TEXAS

_____

**BRENETTA SHERMAN,** *Petitioner*

**v.**

## THE STATE OF TEXAS

_____

Petition in Trial Cause No. 1389343 from the

230th District Court, Harris County, and the

Court of Appeals for the 14th District of Texas

_____

## PETITION FOR DISCRETIONARY REVIEW

_____

FILED IN
COURT OF CRIMINAL APPEALS

April 15, 2015

ABEL ACOSTA, CLERK

Joe David Wells
State Bar No. 90001904
PO Box 2064
Houston, Texas 77252
Tel (281) 410-8778
Fax (832) 201-0467

ATTORNEY FOR PETITIONER

ORAL ARGUMENT REQUESTED

## NOTICE OF ALL INTERESETED PARTIES

Pursuant to TEX. R. APP. P. 38.1(a), the following persons are interested parties:

Petitioner
Brenetta Sherman


Attorneys for Petitioner
Mr. Joe David Wells (on appeal)
P.O. Box 2064
Houston, Texas 77252
(281) 410-8778

Ms. Eileen Bogar (at trial court)
Mr. Jerry Guerinot (at trial court)
6309 Skyline #D
Houston, Texas 77057
(713) 858-0700

Trial Judge
The Honorable Brad Hart
230th District Court
1201 Franklin
Houston, Texas 77002

Attorneys for the State
Ms. Kristina Daily (at trial court)
Ms. L. B. Calligan (at trial court)
Mr. Alan Curry (on appeal)
Harris County District Attorney's Office
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5800

# **TABLE OF CONTENTS**

*Page*

Notice of All Interested Parties . . . . . . . . . . . . . . . . . . . . . . . . . 2

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Grounds for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Summary of Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

TRAP 9.4(i)(3) Certificate of Compliance . . . . . . . . . . . . . . . 13

Exhibit A (Court of Appeals decision) . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITES

*page*

### Cases

*Brooks v. State*, 323 S.W.3d 893 (Tex.Crim.App. 2010)          10

*Harrell v. State*, 852 S.W.2d 521 (Tex.Crim.App. 1993)          11

*Inman v. State*, 650 S.W.2d 417 (Tex.Crim.App. 1983)          11

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)          10

### Statutes

Texas Code of Criminal Procedure, Article 44.25          10

Texas Penal Code, Section 31.03          10

## STATEMENT OF THE CASE

Petitioner Brenetta Sherman was charged by indictment with the felony offense of Theft Under $1,500-3rd Offender in the 230th District Court of Harris County, Texas, the Honorable Brad Hart presiding. (CR 9). Petitioner's punishment range was enhanced by the grand jury from the state jail level to the third degree level by a previous felony aggravated assault conviction. (CR 9). On April 14, 2014, petitioner was found guilty following a trial by jury. (CR 80). The jury also decided punishment at 4 years confinement in the institutional division of the Texas Department of Criminal Justice. (CR 81). Petitioner timely filed a notice of appeal on April 15, 2014. (CR 73). The appeal was assigned to the 14th Court of Appeals. Appellant's brief was filed on August 18, 2014. Appellee's brief was filed on October 28, 2014. The Court of Appeals issued an opinion on March 5, 2015 affirming petitioner's conviction. Petitioner seeks review of this affirmance.

# GROUNDS FOR REVIEW

The Court of Appeals erred in holding that petitioner's request to the complaining witness not to call the police and her statement to him that she would never shoplift again supported an implied finding by the jury that the property listed in a theft indictment belonged to the complaining witness.

# STATEMENT OF FACTS

Petitioner was charged by indictment with the felony offense of Theft Under $1,500-3^{rd} Offender[1]. (CR 9). The complaining witness listed in the indictment, Scott Rome, is a loss prevention officer for Academy Sports & Outdoors. (RR Vol. 3, 18). The indictment accused petitioner of stealing 6 pairs of shorts from Mr. Rome on May 27, 2013. (CR 9). Mr. Rome was working floor security on May 27, 2013 at an Academy store in Baytown, Texas. (RR Vol.3, 19). Mr. Rome encountered petitioner and her daughter in the men's department. (*Id*, 21-22). According to Mr. Rome, he saw them select 18-20 items then go to the fitting room together. (*Id*, 23-24). He then waited outside the fitting room for petitioner and her daughter to exit. (*Id*, 24). Mr. Rome testified that petitioner left the fitting room with no merchandise in hand while her daughter left with only five items. (*Id*, 25). Because of this, Mr. Rome concluded that petitioner must have concealed merchandise. (*Id*, 27). Petitioner left the store without making a purchase. (*Id*, 27-28). Mr. Rome followed petitioner and her daughter outside the store where he stopped them. (*Id*, 28). According to Mr. Rome, petitioner pulled seven t-shirts and six pairs of shorts out of her coveralls while in the store office. (RR Vol. 3, 36-37 & Vol. 5, Ex. 5&6).

---

[1] Petitioner plead true to both prior theft convictions alleged in her indictment at the beginning of trial. (RR Vol.3, 12-13).

Petitioner did not admit to any theft but she did apologize to Mr. Rome and asked him to not contact the police. (RR Vol. 3, 31 & 35). The Academy store did have surveillance video of the men's department from May 27, 2013. (RR Vol. 5, Ex 4). The surveillance video does not show petitioner hiding any merchandise in her coveralls. (*Id)*. There is no surveillance video of the store office where Mr. Rome claimed petitioner removed seven t-shirts and six pairs of shorts from her coveralls.(RR Vol. 3, 45). The t-shirts and shorts alleged to have been removed from petitioner's coveralls did not have any security tags (RR Vol. 3, 41-42) or price tags (RR Vol. 5, Ex 5 & 6) attached to them identifying the clothing as belonging to Mr. Rome or his employer Academy Sports & Outdoors. There was no testimony that the clothing belonged to Mr. Rome or his employer, Academy Sports & Outdoors.

## SUMMARY OF ARGUMENT

There was insufficient evidence for the jury to find beyond a reasonable doubt that petitioner committed the offense of theft. The State failed to establish that the items listed as stolen in the indictment were owned by the complaining witness or his employer. The Court of Appeals erred in holding that petitioner's request to the complaining witness not to call the police and her statement to him that she would never shoplift again supported an "implied finding" by the jury that the clothing listed in the indictment belonged to the complaining witness.

## ARGUMENT

**The Court of Appeals erred in holding that petitioner's request to the complaining witness not to call the police and her statement to him that she would never shoplift again supported an implied finding by the jury that the property listed in a theft indictment belonged to the complaining witness.**

An appellate court may reverse a conviction when the facts introduced at trial are insufficient to support the verdict. Tex. Code Crim. Proc. Art. 44.25. The standard for sufficiency of the evidence in criminal cases was established by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Texas Court of Criminal Appeals has characterized the *Jackson v. Virginia* standard as follows: "Considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 899 (Tex.Crim.App. 2010), citing *Jackson v. Virginia*, 443 U.S. at 319. The standard set forth in *Jackson v. Virginia*, "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks* at 912.

According to the Texas Penal Code, a person commits theft if he unlawfully appropriates property with intent to deprive the owner of the property. Tex. Penal Code §31.03(a). An essential element to the offense of theft is proof of ownership.

The State must prove that the complaining witness alleged in the charging instrument had title to the property, possession of it, or a greater right of possession than the defendant. *Inman v. State,* 650 S.W.2d 417, 419 (Crim. App. 1983). To show corporate ownership, it is sufficient to allege ownership in a "special owner", such as an employee who has care, custody, and control over the property. *Harrell v. State*, 852 S.W.2d 521, 523 (Tex. Crim. App. 1993).

No evidence was introduced at trial establishing the owner of the "six pairs of shorts"[2] removed from petitioner's coveralls. Mr. Rome never identified the items as belonging to him or his employer, Academy Sports & Outdoors. The six pairs of shorts did not contain security tags. (RR Vol. 3, 41-42). There are no price tags or identifying markers on the six pairs of shorts showing that they belong to the complaining witness or his employer. (RR Vol. 5, Ex. 5&6). The video evidence introduced at trial does not show petitioner taking the six pairs of shorts later removed from her clothing in the security office from the display racks in the store. (*Id*, Ex. 4). Because there is no evidence in the record as to ownership of the property listed in the indictment, proof of theft beyond a reasonable doubt is not possible.

---

[2] "Six pairs of shorts" is the description of the property set forth in the indictment. (CR 9). No t-shirts are mentioned in the indictment.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this Court reverse the judgment and sentence in this case and enter an order of acquittal in her favor.

Respectfully submitted,

/s/ Joe David Wells
Joe David Wells
State Bar No. 90001904
P.O. Box 2064
Houston, Texas 77252
Tel (281) 410-8778
Fax (832) 201-0467

ATTORNEY FOR PETITIONER

## CERTIFICATE OF SERVICE

I, Joe David Wells, do certify that a true and correct copy of this Petitioner's Brief was delivered to the Harris County District Attorney's Office by electronic filing contemporaneously with the filing of this document.

/s/ Joe David Wells
Joe David Wells

## TRAP 9.4(i)(3) CERTIFICATE OF COMPLIANCE

I, Joe David Wells, do certify that this document complies with Texas Rule of Appellate Procedure 9.4(i)(3) and has a word count of 2,021 words.

/s/ Joe David Wells
Joe David Wells

**EXHIBIT A**

**Affirmed as Modified and Memorandum Opinion filed March 5, 2015.**



In The

## 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

---

### NO. 14-14-00335-CR

---

**BRENETTA SHERMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1389343**

---

## MEMORANDUM OPINION

Appellant Brenetta Sherman appeals her conviction for theft. *See* Tex. Penal Code Ann. § 31.03 (West Supp. 2014). In two issues appellant contends (1) the trial court erred by entering judgment that does not comply with article 42.01 of the Texas Code of Criminal Procedure; and (2) the evidence is insufficient to support her conviction. Finding merit in appellant's first issue, we modify the trial court's judgment to reflect that appellant pleaded not guilty before a jury, that the

trial court accepted the jury's verdict, and that the jury assessed punishment. As modified, we affirm.

## I. BACKGROUND

Scott Rome, the loss prevention officer for Academy Sports and Outdoors, testified that on May 27, 2013, he observed appellant and her daughter in the Nike men's department at the store. He closely watches that area because it contains expensive merchandise. He saw appellant and her daughter select a large number of items, approximately 18 to 20, from the Nike men's area. It appeared to Rome that they were not taking much time to look at the merchandise, but were selecting it at random.

Rome observed appellant and her daughter take 18 to 20 clothing items into the fitting room. When appellant and her daughter left the fitting room, appellant's daughter was carrying "about five" items and appellant was carrying nothing but her purse. Rome walked into the fitting room to see if the other items had been left in the fitting room, but the room was empty. Appellant's daughter returned the items she was carrying to the Nike men's department. Rome watched as appellant and her daughter walked past the cash registers and outside the store without paying for any merchandise.

Outside the store Rome stopped appellant and identified himself as an employee of the Academy Loss Prevention Department. Rome asked appellant and her daughter to return to the store. Appellant accompanied Rome to the loss-prevention office. As they walked back to the office appellant began to apologize and asked Rome not to call law enforcement. Appellant began pulling Nike clothes out of the coveralls she was wearing. She pulled out seven T-shirts and six pairs of shorts, with a total value of $305.89. At that time Rome stepped out and called the police. Appellant never attempted to pay for the items. Rome, as an Academy

2

employee, testified that he did not give her permission to take them.

A recording of the store's surveillance video was played for the jury. The video showed appellant and her daughter looking at clothes and making selections. It also showed Rome observing appellant and her daughter as they went into the fitting room with several items of clothing. The video reflects appellant's daughter leaving the fitting room with approximately five items of clothing while appellant carried nothing but her purse. The video then shows appellant's daughter returning the items she carried out of the fitting room, and both women walking past the point of sale without paying for any items. The video shows Rome following the women out of the store then returning with them as they walked toward the office.

## II. DISCUSSION

### A. The evidence is sufficient to support appellant's conviction.

In her second issue appellant argues the evidence is insufficient for the jury to find beyond a reasonable doubt that appellant committed the offense of theft. Specifically, appellant argues the State failed to establish the owner of the "six pairs of shorts" removed from appellant's coveralls.

In determining sufficiency of the evidence we consider all the evidence, both direct and circumstantial, and any reasonable inferences which can be drawn. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The jury is the sole judge of the credibility of the witnesses and of the evidence presented. *See Villani v. State*, 116 S.W.3d 297, 301 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). We view all the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011).

3

The State had to prove beyond a reasonable doubt that appellant appropriated property valued at under $1,500 without the owner's effective consent, and with the intent to deprive the owner of the property. *See* Tex. Penal Code Ann. § 31.03. Appellant argues that the State failed to establish the owner of the "six pairs of shorts" removed from appellant's coveralls. Appellant argues Rome never identified the items as belonging to him or his employer, Academy Sports & Outdoors. Appellant further argues that the shorts did not contain security tags or price tags as identifying markers.

The indictment named Scott Rome as the owner of the property. "Owner" means a person who has title to or possession of the property, whether lawful or not, or one who has a greater right to possession of the property than the actor. Tex. Penal Code Ann. § 1.07(a)(35) (West Supp. 2014). Where stolen property is owned by a corporation, it is proper to allege in the indictment that such property was taken from the custody and control of a natural person acting for the corporation. *Castillo v. State*, 469 S.W.2d 572, 573 (Tex. Crim. App. 1971); *Campos v. State*, 317 S.W.3d 768, 774 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

Appellant had no right to possession of the unpaid-for clothing found inside her coveralls. The evidence presented at trial showed Rome was employed as a loss-prevention manager by the store. As an employee who had responsibility for serving the store's customers, Rome qualifies as an "owner" with a greater right to possession of the clothing than appellant. *See Byrd v. State*, 336 S.W.3d 242, 252 (Tex. Crim. App. 2011). Rome testified that he saw appellant remove the shirts and shorts from the display racks, walk into the fitting room with the items, and walk out of the store without paying for any items. As appellant pulled the items out of her coveralls, she asked Rome not to call the police, and that if he would not report

4

the theft she would never shoplift again. Appellant's actions and words are consistent with the jury's implied finding that the six pairs of shorts found in her coveralls belonged to Academy. The jury also reviewed the surveillance video, which showed appellant choosing items in the men's department, walking into the fitting room with the items, but walking out of the fitting room and the store not carrying any items of clothing. Reviewing the evidence in the light most favorable to the verdict, we find a rational jury could have found that the items taken by appellant belonged to Academy, and that Rome as the loss-prevention officer, had a greater right to possession of the items than appellant. We overrule appellant's second issue.

## B. The judgment should be modified to conform to the requirements of article 42.01 of the Texas Code of Criminal Procedure.

In her first issue appellant argues the trial court erred in entering a judgment that does not comply with article 42.01 of the Texas Code of Criminal Procedure. Article 42.01 requires a trial court's judgment to reflect, in pertinent part:

1. The title and number of the case;
2. That the case was called and the parties appeared, naming the attorney for the state, the defendant, and the attorney for the defendant, or, where a defendant is not represented by counsel, that the defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel;
3. The plea or pleas of the defendant to the offense charged;
4. Whether the case was tried before a jury or a jury was waived;
5. The submission of the evidence, if any;
6. In cases tried before a jury that the jury was charged by the court;
7. The verdict or verdicts of the jury or the finding or findings of the court;
8. In the event of a conviction that the defendant is adjudged guilty of the offense as found by the verdict of the jury or the finding of the court, and that the defendant be punished in accordance with

5

the jury's verdict or the court's finding as to the proper punishment;

Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West Supp. 2014).

As appellant points out, the judgment in this case inaccurately reflects (1) a plea to the court; (2) a plea bargain agreement; (3) no verdict of the jury; and (4) no notation of whether the jury was charged by the court.

Courts of appeals have the authority to modify a trial court's judgment and affirm it as modified. Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Haggerty v. State*, 429 S.W.3d 1, 12 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). When a court of appeals has the necessary information and evidence before it for modification, it may modify the erroneous judgment on appeal. *Storr v. State*, 126 S.W.3d 647, 654–55 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). The State agrees the judgment should be modified.

Therefore, we sustain appellant's first issue and modify the judgment in this case to reflect that (1) appellant entered a plea of not guilty to a jury; (2) the jury was charged by the court; (3) the jury found appellant guilty; and (4) the jury assessed punishment at four years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

As modified, we affirm the trial court's judgment.

/s/ John Donovan
Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).