**Harold Odean JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 858–83, 859–83.

Court of Criminal Appeals of Texas, En Banc.

May 16, 1984.

James L. Elliott, Jr., Scott F. Monroe (court appointed on appeal only), Kerrville, for appellant.

Ronald L. Sutton, Dist. Atty., Junction, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

These are appeals from convictions for theft of mohair and theft of currency. In a consolidated jury trial of the two offenses, appellant was convicted and punishment was assessed by the court at twenty years for the offense of theft of mohair and ten years imprisonment for the theft of currency conviction, the sentences to be served concurrently. The Fourth Court of Appeals in *Jones v. State*, 672 S.W.2d 812 (Tex.App. San Antonio, decided July 27, 1983) reversed the theft of currency conviction and ordered the indictment be dismissed and affirmed the conviction of theft

of mohair, as reformed. We granted the State's Petition for Discretionary Review to determine whether the Court of Appeals erred in its decision concerning the theft of currency conviction.[1] We find that it did and reverse.

This Court granted the State's Petition for Discretionary Review to determine if the Court of Appeals erred in holding that the appellant's motion to quash the indictment was erroneously overruled by the trial court. Appellant's motion to quash the indictment, read, in pertinent part:

"... the indictment is vague and uncertain and fails to be or contain a plain, concise and definite written statement of the essential facts constituting the offense sought to be charged.

II

"The indictment states conclusions rather than facts.

III

"The indictment does not adequately and fairly inform the defendant of the offense or offenses sought to be charged against him...."

The theft of currency indictment alleges that on or about the 15th day of July, 1977, the appellant did:

"unlawfully appropriate property, to wit: lawful currency of the United States of America of more than $200.00 and less than $10,000.00 from Dale Prior, the owner, without the effective consent of said owner and with intent to deprive said owner of said property ..."

The Court of Appeals, holding that the trial court should have sustained appellant's motion to quash, dismissed the theft of currency indictment, but the court further held that the trial court *correctly* overruled the motion to dismiss the theft of mohair indictment since the appellant's argument (that the theft of mohair indict-

---

**1.** Although the State filed a petition for discretionary review and we granted a review on both convictions, we note that the State, in its brief, is concerned only with the theft of currency conviction. Accordingly, we shall address the merits of the theft of currency conviction.

ment failed to provide him with notice of his acts of "appropriation") was *never addressed* in his motion to dismiss the indictment. The court held that the appellant's "general complaint of a vague and indefinite indictment did not call to the trial court's attention the failure to specify the means of appropriation," *Jones*, supra at 816, and thus nothing was presented for review.[2]

The test to determine the sufficiency of the charging instrument was set forth in *Coleman v. State*, 643 S.W.2d 124 (Tex.Cr. App.1982). In *Coleman*, we noted that:

"we cannot look beyond the fact of the charging instrument to answer the question because the test for determining the sufficiency of a charging instrument, in the face of a motion to quash wherein a defendant claims he does not have sufficient notice of that with which he is charged, is to examine the charging instrument from the perspective of the accused, and in light of the presumption of innocence." *Id.* at 125.

See also, *Gorman v. State*, 634 S.W.2d 681, 684 (Tex.Cr.App.1982) (State's Motion for Rehearing); and *Drumm v. State*, 560 S.W.2d 944 (Tex.Cr.App.1978).

In *Jeffers v. State*, 646 S.W.2d 185 (Tex. Cr.App.1981), this Court noted that since Jeffers' contention on appeal that the indictment failed to give him notice was raised prior to trial in a motion to quash,[3] the fundamental constitutional protections of adequate notice and due process are involved. "These protections require careful examination and consideration from the perspective of the accused." *Id.* at 187, citing *Haecker v. State*, 571 S.W.2d 920 (Tex.Cr.App.1978).

In the instant case, unlike the above-cited cases, there was no specificity in appellant's motion to quash. The State contends in its brief, without citation of authority, that the appellant's motion to quash was not sufficient to apprise the trial court of appellant's complaint. While the State made no such complaint concerning the lack of specificity in the motion to quash in the trial court (it appears that no hearing was held on the motion to quash) our research indicates that there is a requirement of specificity attached by case law to appellant's motion when he complains of inadequate notice in an indictment.[4] As noted in *Drumm*, supra, we said that:

"Although challenge to an accusation for failure to give adequate notice on which to prepare a defense must be asserted in a timely fashion [citing *American Plant Food Corp.*] when properly asserted *with adequate statement of the manner in which notice is deficient* fundamental constitutional protections are invoked...." (Emphasis added).

We note that in *Jeffers*, supra; *Coleman*, supra; and *Bonner v. State*, 640 S.W.2d 601 (Tex.Cr.App.1982),[5] the requisite specificity was contained in the defendant's motion to quash. In the instant case, appellant's form motion was a general allegation of inadequate notice, which *in itself* failed to adequately inform the trial judge of the manner in which notice was deficient. Therefore, we hold that the fundamental constitutional protections of adequate notice and due process have not been invoked. The trial judge, therefore, did not abuse his discretion in overruling appellant's motion to quash. We hold that the Court of Appeals erred in reversing the decision of the trial court to overrule the motion to quash.

2. We note that the motion to dismiss the indictment filed in each cause are worded identically.

3. Jeffers contention was: "There is no way the State could have discharged its burden of proof ... without adducing facts that described the agreement [to bet], the parties to the agreement, and the 'something of value' involved. In short, it was necessary for the State to prove the manner and means whereby the defendant 'received a bet and offer to bet.'"

4. Compare, however, the treatment of jurisdictional defects in an indictment as discussed in *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974).

5. In *Bonner*, supra, a case relied upon by the appellant in his brief, the defendant filed a written and timely exception to the indictment complaining that he was entitled to particularity as to what kind and type vehicle was involved in the offense to be prosecuted. *Id.* at 604.

The judgment of the Court of Appeals in the theft of currency conviction is reversed and the judgment of the trial court is affirmed. The judgment in the theft of mohair conviction is affirmed.

CLINTON, J., dissents.