IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-096-CR




THE STATE OF TEXAS,



 APPELLANT


vs.





ROSEMARY GARCIA,



 APPELLEE


 




NO. 3-92-097-CR




THE STATE OF TEXAS,



 APPELLANT


vs.





JOE GARCIA,



 APPELLEE


 




FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NOS. CR91-269 & CR91-270, HONORABLE ROBERT T. PFEUFFER, JUDGE


 





PER CURIAM

 The State appeals from orders of the district court granting motions to quash the
indictments in these causes. Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 1992);
see State v. Moreno, 807 S.W.2d 327 (Tex. Crim. App. 1991). The underlying prosecutions are
for aggravated perjury. Tex. Penal Code Ann. § 37.03 (West 1989). 

 The indictment in number 3-92-096-CR alleges that on or about June 18, 1991,
Rosemary Garcia



did then and there intentionally, with intent to deceive and with knowledge of the
statement's meaning, make a false statement under oath namely, stating that LUIS
RODRIGUEZ, JR., was not away from her house on December 30th and January
1st in the evening for a period of more than 30 minutes, such sworn statement
being then and there required by law to be made under oath, while the said
defendant was then and there under oath administered by, MARAGARET
HERBRICH, District Clerk for the State of Texas, such false statement previously
made being false in that LUIS RODRIGUEZ, JR., was not with her at her house
at the time of the AGGRAVATED ROBBERY, and such false statement was then
and there material to and made in connection with an official proceeding, namely,
Cause No. CR. 91-144, in the 22ND JUDICIAL DISTRICT COURT of Comal
County, Texas, styled THE STATE OF TEXAS VS. LUIS RODRIGUEZ, JR.,
in that such statement then and there was material to such official proceedings.



The indictment in number 3-92-097-CR alleges that on or about June 18, 1991, Joe Garcia



did then and there intentionally, with intent to deceive and with knowledge of the
statement's meaning, make a false statement under oath namely, stating that LUIS
RODRIGUEZ, JR., was with him at his house and then with him to Marion on
December 30th and on December 29 he was with LUIS RODRIGUEZ, JR., the
entire time, such sworn statement being then and there required by law to be made
under oath, while the said defendant was then and there under oath administered
by, MARAGARET HERBRICH, District Clerk for the State of Texas, such false
statement previously made being false in that LUIS RODRIGUEZ, JR., was not
with him at his house or in Marion with him at the time of the AGGRAVATED
ROBBERY, and such false statement was then and there material to and made in
connection with an official proceeding, namely, Cause No. CR. 91-144, in the
22ND JUDICIAL DISTRICT COURT of Comal County, Texas, styled THE
STATE OF TEXAS VS. LUIS RODRIGUEZ, JR., in that such statement then and
there was material to such official proceedings.



Appellees filed identical motions to quash complaining that:



I.


 The State's pleading fails to allege aggravated perjury as provided for by
the Texas Penal Code in that it fails to allege the facts that would show that any
statements made by [appellees] are material, as defined in the Texas Penal Code
and case law interpreting the same.


II.


 Defendant would show the Court that the State's pleading wholly fails to
allege an offense under the Texas Penal Code because there is no pleading to
substantiate what, if anything, was a "false statement." Defendant would further
show that the State has failed to allege with particularity which, if any, statements
Defendant may have made are false.


 Defendant would further show the Court that the State has failed to allege
the statutory requirement showing specific intent to deceive, as called for in the
Texas Penal Code.



 At the hearing on the motions, defense counsel complained that the indictments did
not give appellees adequate notice on which to prepare a defense.



MR. ARLEDGE [counsel for Joe Garcia]: My motion to quash indictment goes
to several matters, there's basically four complaints, and three of the complaints
go to the failure of the State to allege with particularity why the statement that they
alleged to be false was material, and also exactly what statement they're alleging
to be false was made.


 . . . .


MR. HULL [counsel for Rosemary Garcia]: Apparently the State is attempting in
their indictments to specify with some particularity, although I think they wholly
fail to do so, the statements of each of these two defendants that they consider to
have been perjury.


 . . . .


MR. HULL: Well, your Honor, I believe that Mr. Arledge's point, and which we
do adopt, that the State is not necessarily required to make that attempt but if they
do, they have to make it with particularity so the defendant is on notice to
understand what they're accusing her of saying that constitutes perjury, and I don't
believe the State's indictment or amended indictment does that.


 . . . .


MR. ARLEDGE: The first part of the indictment says, ". . . make a false
statement under oath namely, stating that Luis Rodriguez, Jr., was with him at his
house --"


 . . . .


THE COURT: All right, ". . . namely, stating that Luis Rodriguez, Jr., was with
him at his house and then with him to Marion on December 30th . . ."


 That's not even a complete sentence, is it?


MR. ARLEDGE: That's right. ". . . and on December 29 he was with Luis
Rodriguez, Jr., the entire time," and then they go down further in the indictment
and say that it was false.


THE COURT: Just a minute.


 He was with Luis Rodriguez, Jr. the entire time . . .


MR. ARLEDGE: ". . . such sworn statement being," blah, blah, blah, and then
says, ". . . being false in that Luis Rodriguez, Jr., was not with him at his house
or in Marion with him at the time of the aggravated robbery."


 Now what does that mean? That's my question. If they're going to plead
facts, or make a pleading of facts or law or anything else sufficient to give us an
opportunity to prepare a defense, they need to do that. And I still don't know what
it means.


 . . . .


THE COURT: I think what has happened, there has been some words left out of
here that need to be put in there, and I don't think the typist got everything in there
that you all intended to put in because it doesn't make good sense in English.


MR. ARLEDGE: That's my main complaint about it. It ought to say --


THE COURT: It doesn't play.


 . . . .


THE COURT: Motion to quash on the Joe Garcia matter looks like it's good on
its face but I will hear from Mr. Fisher [assistant district attorney] before I finally
rule.


 . . . .


THE COURT: Now, what about Rosemary? Rosemary's is not that bad.


MR. HULL: But, Judge, what I'm trying to point out is the comparison, in the
first highlighted portion they say --


THE COURT: ". . . stating that Luis Rodriguez, Jr., was not away from her
house on December 30th and January 1st in the evening for a period of more than
30 minutes . . ."


MR. HULL: And down below I have highlighted where they say that it was a
false statement because he was not with her at her house at the time. That's two
different statements, they don't match.


THE COURT: Just a minute. ". . . such false statement previously made being
false in that Luis Rodriguez, Jr., was not with her at her house at the time of the
aggravated robbery."


MR. HULL: In my opinion, if I was going to do it, to do it right, would be to say
--


THE COURT: "not at her house on . . ."


MR. HULL: Exactly. It should match. Otherwise we don't know what
aggravated robbery they're talking about.


THE COURT: I agree.



 During his remarks to the court, counsel for the State made the point that the
indictments allege all the statutory elements of the offense of aggravated perjury. He did not
respond to the complaint that, as worded, the indictments did not give appellees adequate notice
on which to prepare a defense.

 In its only point of error, the State argues that the trial court erred by considering
appellees' notice complaint because the general allegations in the motions to quash did not
adequately inform the trial court of the specific manner in which notice was defective. Jones v.
State, 672 S.W.2d 798, 800 (Tex. Crim. App. 1984) (holding that inadequacy of motion could
be raised by State for first time on appeal). The State further argues that the oral arguments of
counsel at the hearing did not cure the inadequacies of the written motions. McDonald v. State,
692 S.W.2d 169, 174-75 (Tex. App.--Houston [1st Dist.] 1985, pet. ref'd). Whatever the merit
of these arguments, the State failed to preserve these contentions for appeal.

 Jones, McDonald, and the other opinions cited by the State were appeals by the
defendant from orders overruling motions to quash. In this cause, on the other hand, the State
is the appellant and bears the burden of demonstrating that the trial court committed reversible
error. As a general rule, appellate courts will not consider errors not called to the trial court's
attention. Aylor v. State, 727 S.W.2d 727, 730 (Tex. App.--Austin 1987, pet. ref'd). To preserve
a complaint for appellate review, a party must have presented to the trial court a timely request,
objection, or motion, stating the specific grounds for the ruling he desired the court to make. 
Tex. R. App. P. 52(a). The State may not complain on appeal that appellees' motions to quash
were not adequate to allege a notice defect because it did not present this contention to the trial
court. See State v. Nolan, 808 S.W.2d 556 (Tex. App.--Austin 1991, no pet.).

 A motion to quash the indictment is addressed to the discretion of the trial court. 
See Jones, 672 S.W.2d at 800. Other than to state the conclusion that the indictments gave
appellees adequate notice on which to prepare a defense, the State does not address the complaints
voiced at the hearing or the merits of the trial court's rulings. The State has failed to demonstrate
that the district court abused its discretion by granting the motions to quash.


 The orders of the district court are affirmed.



[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed:  September 16, 1992

[Do Not Publish]