NO. 07-01-0122-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS


 

AT AMARILLO



PANEL A



SEPTEMBER 17, 2001



______________________________




GUS R. BRAZEAL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-435337; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Following his plea of guilty, appellant Gus R. Brazeal was convicted by the trial
court for failure to register as a sex offender, enhanced to a third degree felony, and
punishment was assessed at five years confinement. By four points of error, appellant
challenges his conviction contending (1) the trial court erred by overruling his motion to
quash the indictment in violation of the Code of Criminal Procedure, (2) the trial court erred
in overruling his motion to quash the indictment because it failed to notify him of the exact
nature and cause of the accusations against him in violation of the Texas Constitution, (3)
section 62.04 of the Code of Criminal Procedure is void for vagueness in violation of the
Fourteenth Amendment to the United States Constitution, and (4) his sentence is
fundamentally erroneous under the Eighth Amendment prohibition against cruel and
unusual punishment because it was disproportionate to the gravity of the offense. Based
upon the rationale expressed herein, we affirm.

 On April 14, 1992, appellant pled guilty to aggravated sexual assault of a child and
was sentenced to eight years confinement. Upon his release, appellant signed a
registration form acknowledging that he had been notified and understood the
requirements of his duty to register as a sex offender, including his duty to inform the local
law enforcement agency upon a change of address. Among other things, the registration
form notified appellant that his failure to abide by the requirements could subject him to
criminal prosecution. (1)
 After he was released, appellant moved to Lubbock and began
working on July 18, 2000. He listed his address with his employer as 6517 Temple
Avenue, Apartment 11, Lubbock, Texas; however, he did not register this address with the
Lubbock Police Department.

 On August 2, 2000, while investigating a complaint about an ordinance violation,
Officer Hart of the Lubbock Police Department found appellant and others residing at 2109
68th Street. (2) Although appellant told the officer that he was in charge of the residence and
had just returned home from work, he had not registered this residence with the proper
authorities. Because the city ordinance prohibited occupancy by more than two unrelated
persons at the address, at the direction of the property owner, the officer instructed
appellant to move from that address and that if he returned, he would be trespassing. The
officer then questioned appellant about his registration as a sex offender and appellant
stated he thought he had 21 days to comply. The officer informed appellant he only had
seven days to comply, but still gave him until August 4, 2000, to register. Appellant did not
register until August 7, 2000, and instead of listing a new address, he listed his former
residence at the house at 2109 68th Street. From July 18, 2000, until his arrest on August
14, 2000, appellant never properly registered as a sex offender in Lubbock County. 

 By his first and second points, appellant contends the trial court erred in overruling
his motion to quash because the indictment failed to notify him of the exact nature and
cause of the accusations against him in violation of the Code of Criminal Procedure and
Texas Constitution. We disagree. 

 Upon appellant's pre-trial motion to compel the State to elect between charging
paragraphs, the State announced that it elected to proceed upon count one, which
charged:

 In Lubbock County, Texas, Gus Brazeal, hereafter styled the defendant,
heretofore on or about the 7th day of August, A.D. 2000, did then and there
intentionally and knowingly fail to report in person to a local law enforcement
authority a change of address not later than seven days after changing the
address, and the said Gus Brazeal was required to register in that he has a
reportable conviction, to wit; on or about [the] 14th day of April, A.D. 1992 the
defendant was convicted in CR92-0102-B in the 119th Judicial District Court,
Tom Green County, Texas for the offense of Aggravated Sexual Assault of
a Child[.]


By his written motion to quash, without any explanation or specification, appellant alleged 
that count one "fail[ed] to charge an offense against the laws of the State of Texas." 
However, by his argument in the trial court, appellant contended:

 [a]nd our argument is that the statute does not require a Defendant to report
a change of address, only with a new residence, if a new residence is
established.


On appeal however, appellant argues that the indictment does not meet the requirements
of article 21.02 of the Texas Code of Criminal Procedure. Because appellant's contention
on appeal does not comport with his claims at trial, appellant's first point presents nothing
for review. Santellan v. State, 939 S.W.2d 155, 171 (Tex.Cr.App. 1997) (citing former
Texas Rule of Appellate Procedure 52(a), currently Rule 33.1). 

 Although appellant's motion to quash also asserted non-compliance with four
constitutional provisions and six provisions of the Texas Code of Criminal Procedure, by
his brief, he focuses on Article I, Section 10 of the Texas Constitution, quoting the statute
as follows:

 Sec. 10. In all criminal prosecutions the accused shall have a speedy public
trial by an impartial jury. He shall have the right to demand the nature and
cause of the accusation against him. . . .


According to the reporter's record, appellant's only argument at the pre-trial conference
was that the registration statute did not require appellant to report a change of address. 
Appellant's written motion to quash, as well as his contention here, is simply a general
statement that notice was deficient under the indictment and was undeveloped by
arguments or reasons. Oldham v. State, 5 S.W.3d 840, 847 (Tex.App.-Houston [14th Dist.]
1999, pet. ref'd); see also Williams v. State 937 S.W.2d 479, 487 (Tex.Cr.App. 1996)
(discussing undeveloped arguments). Accordingly, fundamental constitutional protections
of adequate notice and due process are not implicated. Prudhome v. State, 989 S.W.2d
852, 855 (Tex.App.--Houston [14th Dist.] 1999, pet. ref'd), citing Jones v. State, 672 S.W.2d
798-99 (Tex.Cr.App. 1984). Moreover, the indictment substantially tracked the provisions
of article 62.04(a) of the Code of Criminal Procedure. Because the State is not required
to allege facts that are merely evidentiary in nature, State v. Mays, 967 S.W.2d 404, 406
(Tex.Cr.App. 1998), the recitation of the specific address of the residence that appellant
failed to register is not essential to the indictment. Therefore, appellant's first two points
are overruled. 

 By his third point, appellant argues that section 62.04 of the Texas Code of Criminal
Procedure is void for vagueness in violation of the Fourteenth Amendment to the United
States Constitution. We disagree. The statute provides:

 Art. 62.04 Change of Address 

 If a person required to register intends to change address, regardless of
whether the person intends to move to another state, the person shall, not
later than the seventh day before the intended change, report in person to
the local law enforcement authority with whom the person last registered and
to the juvenile probation officer, community supervision and corrections
department officer, or parole officer supervising the person and provide the
authority and the officer with the person's anticipated move date and new
address. If a person required to register changes address, the person
shall, not later than the seventh day after changing the address, report in
person to the local law enforcement authority in the municipality or county in
which the person's new residence is located and provide the authority with
proof of identity and proof of residence.


(Emphasis added). Tex. Code Crim. Proc. Ann. art. 62.04(a) (Vernon Pamph. Supp.
2001). Focusing on the portion of the statute set out in italics, appellant contends that the
statute fails to give a person of ordinary intelligence fair notice that his contemplated
conduct is forbidden because of the use of the words residence and address. See Earls
v. State, 707 S.W.2d 82, 86 (Tex.Cr.App. 1986).

 We begin our analysis by applying the presumption that the statute is valid and that
the Legislature did not act unreasonably or arbitrarily in enacting it, Ex parte Granviel, 561
S.W.2d 503, 511 (Tex.Cr.App. 1978); State v. Wofford, 34 S.W.3d 671, 678
(Tex.App.-Austin 2000, no pet.), and we must uphold the statute if it can be reasonably
construed to be constitutional. Ely v. State, 582 S.W.2d 416, 419 (Tex.Cr.App. 1979);
Wofford, 34 S.W.3d at 678. Moreover, appellant bears the burden of proving that the
statute is unconstitutional. Granviel, 561 S.W.2d at 511.

 The statute is not complicated and does not use unfamiliar terms. Whether a
person's residence is in a municipality or county determines the appropriate law
enforcement authority for registration. Thus, the word residence, not address, was
appropriately used in the last sentence. Words used in a statute are given their ordinary
and plain meaning unless clearly shown to be used in another sense. Tex. Gov't Code
Ann. § 311.011 (Vernon 1998); State v. Mendel, 871 S.W.2d 906, 909 (Tex.App.--Houston
[14th Dist.] 1994, no pet.); see also State v. Mancuso, 919 S.W.2d 86, 87 (Tex.Cr.App.
1996). Applying the ordinary and plain meaning, people live or reside in residences and
a residence is located at a particular address. 

 Moreover, article 62.04(a) is part of chapter 62 entitled "Sex Offender Registration
Program." Under article 62.02(b)(1), the Department of Public Safety is required to provide
registration forms to the Texas Department of Criminal Justice and local law enforcement
authorities and requires that the form include:

 (1) the person's full name, each alias, date of birth, sex, race, height, weight,
eye color, hair color, social security number, driver's license number, shoe
size, and home address . . . . 


(Emphasis added). Thus, for sex offender registration purposes, the home address of the
sex offender as opposed to a business, mailing, e-mail address, or any other address is
determinative. Accordingly, appellant's third point is overruled.

 By his fourth point, appellant contends that by sentencing him to five years for
failure to register as a sex offender, the trial court committed fundamental error in violation
of the Eighth Amendment prohibition against cruel and unusual punishment. We disagree. 
Appellant was sentenced to five years confinement for failure to register as a sex offender,
enhanced to a third degree felony. The statutory range for a third degree felony is "not
more than 10 years or less than 2 years." Tex. Pen. Code Ann. §12.34(a) (Vernon 1994). 
Any punishment assessed within the range that is authorized by statute is not cruel and
unusual punishment and does not render the sentence excessive. McNew v. State, 608
S.W.2d 166, 174 (Tex.Cr.App. 1978); Price v. State, 35 S.W.3d 136, 144 (Tex.App.-Waco
2000, pet. ref'd). Therefore, appellant's fourth point of error is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice

 

Do not publish.
1. "I must verify and complete registration within 7 days of the date indicated in this
notice with the law enforcement agency identified above.

 If under supervision, not later than 7 days prior to any change of address, I must
notify my supervising officer and the last registering law enforcement agency of my new
address and within 7 days of establishing my new address, I must appear in person with
the law enforcement agency having jurisdiction over my address and verify my new
address. . . ."



2. Several people lived at the house on 68th Street, including a 14-year-old girl who
indicated that appellant had made attempts to touch or molest her.



cked="false" Priority="72" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful List Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00353-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



APRIL
27, 2011

 



 

IN THE INTEREST OF J.J.K., A CHILD



 



 

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

 

NO. 33,952; HONORABLE LEE WATERS, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

OPINION

            Appellant, Joseph S. Kirkland,
appeals a judgment from a jury verdict awarding sole managing conservatorship
of J.J.K. to appellee, Jennifer Jolene Smith, and
further finding that naming Kirkland as possessory conservator of the child
would not be in the best interest of the child. 
Kirkland appeals through two issues. 
We will affirm.

Factual and Procedural Background

            The
judgment that Kirkland appeals from is the result of a five-year legal battle
in a suit affecting the parent-child relationship.  After the original suit was settled by
agreement, Kirkland filed a motion for new trial, or in the alternative,
another suit alleging a change of status of the child or parent requiring a
modification of the judgment.  This suit
was also terminated by an agreed judgment. 
Within the year, Kirkland filed yet another suit requesting to modify
the parent-child relationship. 
Eventually, Smith filed a counter petition to modify the parent-child
relationship and these matters were tried before a jury on July 19-21,
2010.   The jury returned its verdict on
July 21, answering all jury questions against Kirkland.  The trial court entered its judgment on the
jurys answers to the jury questions on August 5, 2010.  Kirkland filed his notice of appeal on
September 7, 2010.[1]  

            Subsequently,
Kirkland made at least three attempts to file briefs meeting the requirements
of the Texas Rules of Appellate Procedure; however, the first two attempts
resulted in Kirkland being advised that the briefs filed failed to meet the
requirements of the rules.  See Tex. R. App. P. 38.1.[2]  Finally, on April 6, 2011, Kirkland filed a
brief that was acceptable.  The clerks
record in this matter was filed on December 6, 2010.  However, no reporters record has been
received by the Court.  

On October 7, 2010, the Court advised
Kirkland that the official reporter had filed for an extension of time to file
the reporters record.  Kirkland was also
advised, on that date, that he needed to certify back to the Court that he had
requested preparation of the reporters record and made arrangements to pay for
the same by October 25, 2010.  On
November 15, 2010, this Court advised Kirkland that no reporters record had
been received and that the official reporter had advised the Court that
Kirkland had not requested preparation of any part of the reporters record nor
had Kirkland made arrangements to pay for the record.  Based upon this information, Kirkland was
advised that the matter would be decided in the absence of a reporters
record.  See Rule 37.3(c).  Kirkland has never claimed to be indigent or
that he is otherwise permitted to proceed without payment of costs of
appeal.  

            Smiths
brief is not yet due at this Court.  See
Rule 38.6(b).  In order to expedite a
decision in this matter, we will, on our own initiative, suspend the operation
of rules 38.6(b) and 39.8, and consider the issues raised by Kirklands
brief.  See Rule 2.  

            Kirklands
issues are that: 1) he has never been found to be a threat to the childs
emotional or physical state, and 2) Smith was in contempt many times creating
the climate that led to the extensive litigation.  Under the background facts and procedures of
the case, as reflected above, we construe Kirklands issues to attack the
sufficiency of the evidence to support the jurys verdict and subsequent
judgment.

Analysis

            After
appropriate instructions were given, the jury was asked whether the order in
existence that controlled the parent-child relationship should be changed to designate
Kirkland as the conservator with exclusive right to designate the primary
residence of the child.  The jury
answered No.  The jury was then asked
if the joint managing conservatorship of the child should be replaced by a sole
managing conservatorship.  The jury
answered Yes.  Pursuant to the trial
courts instructions, the jury then answered that Smith, who was then known as
Jennifer Jolene Martindale,[3]
should be named sole managing conservator of the minor child.  Finally, when asked who, if anyone, should be
named possessory conservator and given the option of naming Kirkland, the jury
answered None.  Based upon these
answers, the trial court entered its judgment removing the parties as joint
managing conservators, naming Smith as the sole managing conservator, and
finding it was not in the best interest of the child to name Kirkland
possessory conservator of the child.

Standard of Review

            Under
our construction of Kirklands issues, we must assume he intends to attack both
the legal and factual sufficiency of the evidence.

Legal Sufficiency

            According
to City of Keller v. Wilson, 168 S.W.3d 802, 810 (Tex. 2005), No
evidence points must, and may only, be sustained when the record discloses one
of the following situations: a) a complete absence of evidence of a vital fact;
b) the court is barred by rules of law or of evidence from giving weight to the
only evidence offered to prove a vital fact; c) the evidence offered to prove a
vital fact is no more than a mere scintilla; d) the evidence establishes
conclusively the opposite of the vital fact. 
When reviewing an attack on the legal sufficiency of the evidence on an
issue that the appellant has the burden of proof, we are to review the evidence
supporting the jury finding to determine whether there is no evidence to
support this finding, and then we must review all of the evidence to determine
whether all facts are established for the contrary position as a matter of
law.   Dow Chem. Co. v. Francis,
46 S.W.3d 237, 241 (Tex. 2001) (citing Sterner v. Marathon Oil Co., 767
S.W.2d 686, 690 (Tex. 1989)).  Our review
consists of our viewing the evidence in the light most favorable to the
verdict, crediting favorable evidence if reasonable jurors could, and
disregarding all contrary evidence unless reasonable jurors could not.  City of Keller, 168
S.W.3d at 807.  Finally, we may
not substitute our judgment for that of the trier of
fact as long as the evidence would allow reasonable and fair-minded people to
differ in their conclusion.  Id. at 822. 
This is but another way of saying that so long as there is at least a
scintilla of evidence to support the jurys answer to the fact question at issue, the legal sufficiency challenge must fail.  Tarrant Regl Water Dist. v. Gragg,
151 S.W.3d 546, 552 (Tex. 2004).  

Factual Sufficiency

            In
a factual sufficiency review, we consider all of the evidence, both supporting
and contrary to the jurys answer to the fact question at issue.  Plas-Tex, Inc. v U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex.
1989).  Because the jury question
involved in our analysis was one that Kirkland bore the burden of proof on, we
will only reverse if we find that the jurys answer is against the great weight
and preponderance of the evidence.  Dow
Chem. Co., 46 S.W.3d at 242.  In order to reverse on a factual sufficiency
point, we must be convinced that the jurys answer to the question at issue was
clearly wrong and manifestly unjust.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

            As
can be seen by the standard of review for either legal or factual sufficiency,
we are required to review the evidence to determine if that evidence is
sufficient to sustain the jurys verdict. 
Inasmuch as Kirkland has not provided the Court with the reporters
record, there is nothing for us to review. 
See In re Spiegel, 6 S.W.3d 643, 646 n.1
(Tex.App.Amarillo 1999, no pet.)  Accordingly, we can only say that, based upon
the record that is before us, the jurys answers must stand and the trial
courts judgment must be affirmed.

Conclusion

            The judgment
of the trial court is affirmed.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 











[1] Kirklands notice of appeal was due September 5,
2010, however this was a Sunday and the following day was a holiday, Labor Day,
which made Kirklands notice timely by being filed on September 7, 2010.  See Tex.
R. App. P. 4.1 and 26.1.

 





[2] Further reference to the Texas Rules of Appellate
Procedure will be by reference to Rule ___ or rule ___.





[3] Appellee had previously remarried and, at time of
trial, was using Martindale as her last name.