Opinion issued December 31, 2009

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00160-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MICHELLE YVETTE JOHNLEWIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the County Court at Law Number 1

Fort Bend County, Texas

Trial Court Cause No. 128949

 

 



MEMORANDUM  OPINION[1]

The trial
court convicted appellant, Michelle Yvette Johnlewis, of driving while her
license was invalid and sentenced her to a $500 fine and 180 days’ confinement
in jail, probated for 12 months.  See Tex.
Transp. Code Ann. § 521.457 (Vernon 2007).  On appeal, Johnlewis argues that the evidence
was legally and factually insufficient, that the punishment is void because it
was not within the statutory range, and that the trial court erred in denying
her motion for acquittal.

          Because the evidence was legally
insufficient to prove the offense as alleged in the information, we reverse and
render a judgment of acquittal.

Background

          On
January 19, 2007, Sugar Land Police Officer C. Krachala stopped Johnlewis for
speeding.  He had observed her speeding
and, using a radar gun, he detected her driving 56 miles per hour where the
posted speed limit was 35 miles per hour. 
Johnlewis did not have her driver’s license with her, but she provided a
school identification card.  Officer
Krachala testified that the police records showed that Johnlewis’s license was
“invalid” and that she had an outstanding arrest warrant issued by the Missouri
City Police Department.  Officer Krachala
arrested Johnlewis.

          The
State charged Johnlewis by information, which alleged that Johnlewis “heretofore
on or about January 19, 2007, did then and there drive and operate a motor
vehicle upon the public highway during a period when the Texas operator’s
license or the driving privilege of the said Defendant was suspended or revoked
under 521.457 of the Texas Transportation Code.”  

          In
January 2008, the trial court held a bench trial in this case.  In addition to Officer Krachala’s testimony
that the police records showed Johnlewis’s license to be “invalid,” the State
presented Veronica Jackson Shelton, the custodian of the business records for
the Texas Department of Public Safety.  Through
her testimony, the State introduced the sole trial exhibit, an affidavit
regarding Johnlewis’s driving record. 
This record showed that Johnlewis had one prior speeding offense.  In addition, the driving record stated:

On 08-26-06 a notice to deny renewal letter was mailed
concerning failure to appear in court for traffic violation(s).

 

          Date of action 12-24-06 for DENY LICENSE RENEWAL—FTA.

          Date of action 02-05-07 for DENIAL LIFTED—FTA.

Shelton explained, “Basically, it
means Ms. Johnlewis received a violation and there was sometime [sic] there
passed she had not taken care of that violation.  So, subsequently her license was non-valid. .
. . It was invalid.”  On
cross-examination, Shelton testified unequivocally that Johnlewis’s license had
neither been suspended nor revoked.  She
agreed that Johnlewis’s license had expired by its own terms on October 24,
2006.  

          Johnlewis
presented no evidence.  The trial court
found Johnlewis guilty, saying:

I have heard the testimony of the State and I have got
the document, State’s Exhibit Number 1 showing that the license was reinstated
the fifth of ’07 which was after the date of the offense which it shows also
that on 12/24/06, there was a denial of license renewal.  She was operating a vehicle without a valid
license and at this time, the Court is going to find Michelle Yvette Johnlewis
guilty of driving while license invalid.

 

The trial court sentenced Johnlewis
to 180 days’ confinement in jail, probated for 12 months, and a $500 fine.

No Evidence Johnlewis Drove While License Suspended or Revoked

In her third issue, Johnlewis
challenges the legal sufficiency of the evidence to support her conviction for
driving while her license was suspended or revoked.

Standard of Review

We measure the sufficiency of the
evidence against the elements of the offense as defined by a hypothetically
correct jury charge.  Wooley v. State, 273 S.W.3d 260, 261,
266–67 (Tex. Crim. App. 2008) (factual sufficiency); Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (legal
sufficiency).  A hypothetically correct
jury charge “sets out the law, is authorized by the [charging instrument], does
not unnecessarily increase the State’s burden of proof or unnecessarily
restrict the State’s theories of liability, and adequately describes the particular
offense for which the defendant was tried.” 
Malik, 953 S.W.2d at 240.  This standard ensures that a judgment of
acquittal is reserved for those situations in which there is an actual failure
in the State’s proof of the crime.  Id.  We
use this standard for appeals from both jury trials and bench trials.  Id.

When evaluating the legal sufficiency
of the evidence, we view the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Drichas v. State, 175 S.W.3d 795, 798
(Tex. Crim. App. 2005).  The standard is
the same for both direct and circumstantial evidence cases.  King v.
State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).  We do not resolve any conflict of fact, weigh
any evidence, or evaluate the credibility of any witnesses, as this was the
function of the trier of fact.  See Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999).  If we determine
that the evidence is legally insufficient, we must render a judgment of
acquittal.  Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

Driving While License Invalid

          Under
the Transportation Code, a person commits an offense if the person operates a
motor vehicle on a highway:

(1)  after the person’s driver’s license has been canceled
under this chapter if the person does not have a license that was subsequently
issued under this chapter; 

 

(2)  during a period that the person’s driver’s license or
privilege is suspended or revoked under any law of this state; 

 

(3)  while the person’s driver’s license is expired if the
license expired during a period of suspension; or 

 

(4)  after renewal of the person’s driver’s license has
been denied under any law of this state, if the person does not have a driver’s
license subsequently issued under this chapter. 

 

Tex. Transp.
Code Ann.
§ 521.457(a) (Vernon Supp. 2009).[2]  Although the statute provides four ways in
which a person could commit the offense of “driving while license invalid,” in
the information the State alleged only that Johnlewis drove “a motor vehicle
upon the public highway during a period when [Johnlewis’s] Texas operator’s
license or . . . driving privilege . . . was suspended or revoked.”  Therefore, we must determine if any rational
trier of fact could have found beyond a reasonable doubt that Johnlewis
operated a motor vehicle on the public highway during a time when her
operator’s license was suspended or revoked. 
See Jackson, 443 U.S. at 319,
99 S. Ct. at 2789; Drichas, 175
S.W.3d at 798.  

The State presented two witnesses and
one exhibit.  Neither Officer Krachala nor
Veronica Shelton testified that Johnlewis’s driver’s license had been suspended
or revoked.  To the contrary, Shelton
testified that Johnlewis's license had expired and that it had not been
suspended or revoked.

Officer Krachala testified that
Johnlewis’s license was invalid.  On cross‑examination,
he said that it had expired and renewal was denied.  Finally, the sole trial exhibit showed that
Johnlewis had been denied renewal of her driver’s license on December 24, 2006,
and that the denial was lifted on February 5, 2007.  The State did not introduce any evidence that
Johnlewis’s license had been suspended or revoked.  Johnlewis did not introduce any
evidence.  

The State reframes Johnlewis’s second
issue, regarding her motion for acquittal based on insufficient evidence, as a
complaint that in the information the State “did not properly allege the manner
and means of committing the offense of driving while license invalid.”  (Johnlewis’s legal insufficiency argument is
essentially the same as her argument on her second issue, that the trial court
erred by denying her motion to acquit.)  The State contends that Johnlewis waived that
issue by failing to move to quash the charging instrument.  See Tex. Code Crim. Proc. Ann. art. 1.14(b)
(Vernon 2005) (“If the defendant does not object to a defect, error, or
irregularity of form or substance in an indictment or information before the
date on which the trial on the merits commences, he waives and forfeits the
right to object to the defect, error, or irregularity and he may not raise the
objection on appeal . . . .”).  Ordinarily a motion to quash an indictment or
information would be the procedural mechanism with which to complain that the allegations
in the charging instrument are too general to give an accused notice of what
offense the State is charging.  See DeVaughn v. State, 749 S.W.2d 62, 67
(Tex. Crim. App. 1988) (“A motion to quash should be granted only where the
language concerning the defendant’s conduct is so vague or indefinite as to
deny the defendant effective notice of the acts he allegedly committed.”).  The State charged Johnlewis specifically with
only one manner and means, i.e., that her license was suspended or revoked.  

The State relies upon Jones v. State, 672 S.W.2d 798 (Tex.
Crim. App. 1984), for the proposition that failure to object to an error in an information
waives an appellant’s right to complain about a defect in the charging
instrument on appeal.  In Jones, a theft-of-currency case, the
indictment was not specific, and Jones moved to quash the indictment.  Jones
v. State, 672 S.W.2d 812, 814–15 (Tex. App.—San Antonio 1983), rev’d, 672 S.W.2d 798 (Tex. Crim. App.
1984).  In reversing the trial court’s
judgment, the San Antonio Court of Appeals wrote, 

[I]n this case appellant requested, by his motion to
dismiss the indictment for uncertainty, a description of sufficient
particularity of which check or transaction the State would rely upon to prove
theft of currency.  The State relied upon
one check among several others and that information was known by the
State.  This information should have been
disclosed since appellant had authority to and did sign and draw checks upon
the company.

 

Id. at 815.  The Court of Criminal Appeals reversed the
San Antonio Court of Appeals, holding that Jones’s motion to quash was itself
inadequately vague and failed to state in what way the indictment was
deficient.  Jones, 672 S.W.2d at 799–800. 


Johnlewis did not move to
quash the information.  At the close of
evidence, Johnlewis moved for an acquittal, arguing that the State did not
prove the manner and means alleged in the information.  On appeal, Johnlewis challenges the trial
court’s denial of her motion to acquit, not, as the State contends, the
sufficiency of the charging instrument. 
Johnlewis does not complain about an error in the information; rather,
Johnlewis complains about a failure of proof.

The State argues that the
evidence is legally sufficient to prove that Johnlewis was driving while her
license was invalid because Johnlewis had been notified that her license would
not be renewed due to outstanding traffic tickets and her failure to appear in
court in 2006.  However, the State did
not choose to include this manner and means in the information against
Johnlewis.  We cannot affirm a conviction
when the trial evidence does not comport with the allegations in the charging
instrument.  See Planter v. State, 9 S.W.3d 156, 159 (Tex. Crim. App. 1999)
(reversing conviction for solicitation of capital murder because evidence at
trial did not comport with conduct alleged in indictment); Castillo v. State, 7 S.W.3d 253, 261 (Tex. App.—Austin 1999, pet.
ref’d) (reversing conviction for reckless injury to child because there was no
evidence to support charged offense).  

Accordingly, we hold that no rational
trier of fact could have found beyond a reasonable doubt that Johnlewis
operated a motor vehicle on the public highway during a time when her
operator’s license was suspended or revoked. 
See Allen v. State, 681 S.W.2d 38, 39–41 (Tex. Crim. App. 1984)
(reversing, for legal insufficiency, conviction for driving while license
suspended when evidence showed that license had expired); Arteaga v. State, No. 04-04-00413-CR, 2005 WL 2012336, at *1–2
(Tex. App.—San Antonio Aug. 24, 2005, pet. ref’d) (not designated for
publication) (same).

We sustain appellant’s third issue.  Because we reverse and render judgment of
acquittal, we do not reach Johnlewis’s other issues.

Conclusion

 

          We
reverse the judgment of the trial court and render judgment of acquittal.

 

 

 

 

 

                                                          Michael
Massengale

                                                          Justice

 

Panel consists of Chief Justice Radack
and Justices Bland and Massengale.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]  On November 5,
2009, we issued an opinion and judgment reversing the trial court’s
judgment.  The State filed a motion for
rehearing.  We deny the motion but
withdraw our November 5, 2009 opinion and issue this opinion in its place.  See Tex. R. App. P. 19.1(b).  Our November 5, 2009 judgment remains
unchanged.





[2]             Section 521 has been twice amended since the date of
Johnlewis’s alleged offense on January 19, 2007, but subsection (a) was not
amended, and these amendments do not affect Johnlewis’s appeal.  See Eric’s
Law, 81st Leg., R.S., ch. 1284, § 2, 2009 Tex. Gen. Laws 4063–64; Act of
June 15, 2007, 80th Leg., R.S., ch. 1027, § 8, 2007 Tex. Gen. Laws 3568.