COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-16-00216-CR |
| Appellant, | § | Appeal from the |
| vs. | § | County Criminal Court at Law Number 1 |
| DANIEL SALERNO, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20150C10059) |

## O P I N I O N

This is a State's appeal from the trial court's order "quashing the information" pursuant to, Daniel Salerno, Appellee's "Defendant's In Error Special Appearance to Motion to Dismiss For Lack of Jurisdiction." We reverse and remand for proceedings consistent with this opinion.

## BACKGROUND

On May 12, 2015, Salerno was cited for speeding, allegedly ninety-two m.p.h., where the speed limit was seventy-five m.p.h. and failure to properly restrain a child passenger, that is, an unrestrained child in the pickup camper. Salerno signed the citation, promising to appear at the justice of the peace precinct 6-2 (the "Justice Court") on or before June 11, 2015.

On May 29, 2015, Salerno, *pro se*, filed with the justice court a motion entitled "Respondent's Special Appearance and Motion to Dismiss for Lack of Jurisdiction." Salerno's chief complaint was that he had not been properly served with a complaint, information, or an

indictment, or any charging instrument, therefore, the State lacked standing. He also asserted a special appearance, given in his view, the court lacked personal, subject-matter jurisdiction and venue. Salerno verified the pleading and asserted he was "arrested" for a transportation offense and was issued a citation; that he was "seized" and "accosted" without probable cause and that he was not "engaging in any use of the highways for the purpose of 'Transportation[.]'" He also maintains the State must prove standing, and in order to do so, they must show the citing officer is a "peace officer" and has the lawful authority to "arrest" individuals for non-commercial violations of the traffic code.

The justice court received Salerno's "special appearance" motion on June 8. On June 10, the justice court judge denied Salerno's motion. That same day, the case was set for a bench trial on July 28, 2015. On August 24, Salerno emailed the court explaining he was unable to attend his trial, now scheduled for August 25 and requested the case to be reset to any date after August 31. Salerno also filed a motion entitled "Respondent's Special Appearance and Formal Notice of Declination to Plea." Salerno stated "Daniel declines to enter a plea in this non-case. Instead of pretending this is a 'criminal' case to which any plea is proper, Daniel enters his Special Appearance."

Formal written complaints charging Salerno with the two traffic offenses were sworn and filed on September 4, 2015. On September 15, the justice court's trial notes indicate Salerno pled not guilty to the speeding violation but was found guilty and assessed a fine of $200.00 with court costs of $105.10. The justice court judge also found Salerno guilty of having an unrestrained child in the vehicle and assessed a $25.00 fine with $105.10 in court costs. On September 17, Salerno sent his notice of appeal to the justice court.

2

On December 17, 2015, Salerno, *pro se*, filed a motion entitled "Defendant in Error Special Appearance to Motion to Dismiss for Lack of Jurisdiction – Improper Service and Complaint" in El Paso County Criminal Court at Law #4. Salerno's motion asserted his "appearance is special and not general as said appearance is made only under threat, duress and coercion by Plaintiff," the State of Texas. He challenged the trial court's exercise of subject matter and *in personam* jurisdiction in his appeal from the justice court. Salerno argues that the citation he received is not a valid or lawful complaint; and further, he did not receive a copy of the complaints pursuant to Texas Code of Criminal Procedure article 45.018(b), therefore, the justice court and the trial court have not been properly vested with jurisdiction. He maintains that as the result of the failure of the State to "enter" any "primary pleadings," the court is without jurisdiction. He also attacks the citation because it does not constitute "proper lawful" service served upon him "by either a process server or other officer authorized to serve process out of any Municipal or Justice Court." Next, he alleges that Article 27.14(d) is unconstitutional on its face and was only enacted "for no other purpose than an expedient method revenue generation by the municipalities and counties" although it is "unconstitutional and illegal in its entirety." Last, the trial court cannot exercise jurisdiction because Salerno has not exhausted his administrative remedies under the Texas Administrative Code.

On January 28, 2016, Criminal Court at Law #4 set a *Faretta* hearing for April 27, 2016. The setting notice indicates Salerno refused to sign but was advised as to the next hearing date of April 27. There is no reporter's record of the "*Faretta*" hearing.

On March 7, 2016, Salerno filed "Respondent's Special Appearance and Waiver of Right to Counsel" with the County Criminal Court at Law #4. Salerno objected to the trial court's jurisdiction, non-judicial decision-making, and to the use of private law, that is unpublished cases.

3

He confirmed his "intent to proceed *pro se*" and he "is aware of his right to representation and that he intelligently, knowingly, and voluntarily waives such right."

On April 27, 2016, a transfer order was entered transferring Salerno's case to El Paso County Criminal Court at Law #1. On April 28, Salerno signed a notice, *pro se*, for a setting for a hearing on a motion on May 23, 2016. At the hearing on May 23, Salerno argued the court had no subject matter or in-person jurisdiction. First, he alleged there in no indictment or information on file. Next, he alleged he was never shown the complaint filed in the justice court before the trial date. He did acknowledge that he received a copy pursuant to his open records request with the county clerk. He informed the trial court that he had never received copies of the complaint prior to the proceeding as mandated by Texas Code of Criminal Procedure article 45.018(b). He explained to the trial court that he had never received a copy of a complaint as defined by Texas Code of Criminal Procedure article 45.019. The trial court acknowledged that Salerno included a copy of the complaint attached as Exhibit B to his motion entitled "Defendant in Error Special Appearance to Motion to Dismiss for Lack of Jurisdiction – Improper Service and Complaint" in El Paso County Criminal Court at Law #4. The trial court granted Salerno's motion to proceed *pro se*. Salerno also argued the citing DPS officer failed to inform Salerno that he was under "custodial arrest" and that during the "interrogation" the "information of evidence was improperly and unlawfully demanded by the arresting officer for the specific purpose of incriminating" Salerno.

The State argued the citation was sufficient to put Salerno on notice, Salerno's appeal and court attendance all attested to the fact Salerno is aware of the charges. The trial judge clarified with Salerno that his chief objection is that he was not given a or shown a copy of the complaints

4

filed on September 4. Salerno also affirmed he had never received an indictment or an information, but did received copies of the complaint from the county clerk.

The State responded that since this was Salerno's motion, he had the duty to provide evidence the complaints were never shown or given to him and the trial court could rely on the presumption that the procedures in the justice court were followed correctly. The trial judge inquired whether Salerno would like to subpoena witnesses to prove his contention he had not been given a copy of the complaint.

Salerno responded that his first proceeding was June 11, which the trial court construed as his arraignment, the complaints were filed September 4, which Salerno offered to show he did not receive notice of the complaints a day before the proceeding, June 11, in accordance with Article 45.018(b). Salerno confirmed for the trial court that his trial was September 15. The trial judge took the matter under advisement. On June 15, 2016, the trial court entered an order quashing the "information." The State's appeal followed.

## ISSUES

The State in their single point of error argue the trial judge could not quash the "information" under any theory of law applicable to this case. Their view is Salerno's chief complaint is that he was not timely served with the complaint and therefore, the justice court lacked jurisdiction. The State argues the justice and county court properly possessed jurisdiction. However, the County Court lacked the authority to dismiss the case without the State's consent. Because Salerno never alleged the complaint was facially invalid or defective, the trial court was not authorized to dismiss the prosecution. In sum, the State argues there were no errors in the justice court that merited dismissal of Salerno's appeal.

5

Salerno responds, the trial court order was proper. According to Salerno, the trial court's order was lawful because: (1) the charging instrument was defective; (2) there was a constitutional violation; (3) a jurisdiction objection was lodged from the inception of the case; and (4) a plea by Salerno had never been entered in the case.

**Standard of Review**

We review the dismissal of a charging instrument under a bifurcated standard. *State v. Krizan-Wilson,* 354 S.W.3d 808, 815 (Tex.Crim.App. 2011). We give almost total deference to a trial court's findings of facts that are supported by the record, as well as mixed questions of law and fact that rely upon the credibility of a witness. *Id.* However, we apply a *de novo* standard of review to pure questions of law and mixed questions that do not depend upon credibility determinations. *Id.* A *de novo* review is appropriate because the issue in this case involves a pure question of law, the sufficiency of the charging instrument and is not based on the facts or the credibility of the witnesses. *Ahmad v. State,* 295 S.W.3d 731, 739 (Tex.App.—Fort Worth 2009, pet. ref'd). The trial court's ruling should be upheld if it is correct under any theory of law applicable to the case. *Saenz v. State*, 564 S.W.3d 469, 473 (Tex.App.—El Paso 2018, no pet.).

**DISCUSSION**

*State's Appeal?*

The State's notice of appeal stated it was appealing the trial court's order pursuant to Article 44.01(a)(1) of the Texas Code of Criminal Procedure. Article 44.01(a)(1) allows the State to appeal an order that dismisses a complaint. Article 44.181(a) provides a court conducting a trial *de novo* from a justice court appeal may dismiss the case due to a defect in the complaint but only if the defendant objected prior to trial in the justice court. Section (b) of article 44.181 allows the

6

State to amend a defective complaint before the trial *de novo* begins. In *State v. Stanley,* the Court of Criminal Appeals explained *Moreno* stood for the proposition that:

> [T]his provision entitles the State to appeal any order, short of an acquittal, which has the effect of terminating the prosecution, regardless of how the trial court characterizes its order. In summing up, we held that the trial court effectively terminates the prosecution against the accused whenever the effect of its order forces any alteration of the indictment or information *before the trial on the merits* and the State is not willing to comply with that order. [Emphasis in orig. and Internal citations omitted].

*State v. Stanley,* 201 S.W.3d 754, 758 (Tex.Crim.App. 2006), *citing State v. Moreno,* 807 S.W.2d 327, 334 (Tex.Crim.App. 1991).

Salerno's motion for dismissal was based on a defect of service of the complaints filed in the justice court which he repeatedly characterized as a defect in the actual complaints. The trial judge in the hearing was clear that if she granted Salerno's motion, a jury trial would not go forward thereby effectively terminating the State's prosecution of Salerno for the offenses. We find and hold the State has met their burden to show the order is appealable and we are properly vested with jurisdiction.

*What was quashed?*

As the facts make clear this is an appeal from an order out of County Criminal Court at Law #1 arising from an appeal of a finding of guilty in the Justice of the Peace Court 6-2. Next, we note the County Criminal Court order states an "information" was quashed. However, the parties argued in the lower court and now on appeal, as if the order quashes the "complaints" filed in the justice court. Our review of the record before us reveals no information was ever filed nor does the trial judge at the May 23 hearing refer to a filed information, but rather Salerno's lack of either being given or shown the complaints filed on September 4 in the justice court.

7

It is patently clear from the trial judge's discussion on the record with Salerno and the pleadings in this case, the trial judge was only referring to the complaints filed in the justice court. We will construe the order as quashing the complaints that Salerno alleges he did not receive timely notice.

<em>Is the complaint defective?</em>

Charging instruments may be attacked either on grounds of substance or form, or both. A "form" defect is a failure to allege facts sufficient to give the accused adequate notice of precisely what he is charged with. *See Olurebi v. State*, 870 S.W.2d 58, 61 (Tex.Crim.App. 1994)(exception to form of information exists if information fails to provide adequate facts to give accused notice of offense for which he is charged). A defect of substance, however, is the absence of a requisite element of the offense. *See* TEX.CONST. art. V, § 12; TEX.CODE CRIM.PROC.ANN. art. 21.01.

Further, an objection and exception should state the way in which the charging document is deficient and show the specific nature of the defect which is being objected to. *See Jones v. State,* 672 S.W.2d 798, 800 (Tex.Crim.App. 1984). Objections such as vague or indefinite "does not adequately and fairly inform the defendant of the offense" or "does not set forth an offense with sufficient particularity" are generally not sufficient to preserve error. *See Zimmerman v. State,* 750 S.W.2d 194, 211-12 (Tex.Crim.App. 1988).

Here, Salerno has failed to specifically point out how the "complaints" were defective either by form or substance. Salerno's argument in his pleadings and before the County Court judge was his *lack of receipt* of the filed complaints not with the actual "complaints." In *Jones,* defendant's motion was a "general allegation of inadequate notice, which *in itself* failed to adequately inform the trial judge of the manner" in which the charging instrument was deficient. [Emphasis in orig.]. *Jones,* 672 S.W.2d at 800; *see also Wright v. State,* 729 S.W.2d 123, 124-25

8

(Tex.App.—Beaumont 1987, pet. ref'd)(appellant argued the indictment did not set forth in plain and intelligible words each element of the offense at trial, and appellate court found motion nothing more than a "form" motion that did not give trial court notice of his complaint). Because Jones' motion failed to adequately inform the trial judge of the manner or how the complaint was deficient, the court of criminal appeals held that "the fundamental constitutional protections of adequate notice and due process have not been invoked." *Jones*, 672 S.W.2d at 800. Salerno's motion to dismiss was not adequate to inform the trial judge of the any deficiencies in the complaint either by substance or form. *Id.*

We hold Salerno did not particularly or specifically object to the alleged defect of substance or form in the complaints before his trial date in justice court pursuant to Article 44.181(a). Therefore, the trial court could not dismiss the case due to a defect in the complaint.

Further, this error is not properly preserved for our review. Rules of Appellate Procedure 33.1 requires a litigant to present objections to the trial court by a timely request, objection, or motion, that is sufficiently specific to make the trial court aware of the complaint. TEX.R.APP.P. 33.1. However, parties are not put to hyper-technical requirements for error preservation. *Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App. 1992)("[T]here are no technical considerations or form of words to be used. Straightforward communication in plain English will always suffice."). "Instead, a party need only let the trial court know what he wants and why he feels himself entitled to it clearly enough for the judge to understand him." *Vasquez v. State*, 483 S.W.3d 550, 554 (Tex.Crim.App. 2016). A general or imprecise objection will suffice if "the legal basis for the objection is *obvious* to the court and to opposing counsel." [Emphasis in original]. *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex.Crim.App. 2006). In deciding if that standard is

met, we may consider "the parties' shared understanding at that time." *Pena v. State*, 285 S.W.3d 459, 464 (Tex.Crim.App. 2009).

Here, clearly the parties understood Salerno's objection was not to the content of either the form or substance of the complaints but rather the alleged lack of the actual handing or being shown a copy of the complaints to Salerno. Salerno's assertions—in the justice court and in County Court—were not sufficiently specific to preserve his challenge regarding the sufficiency of the complaints on appeal. *See Swain v. State*, 181 S.W.3d 359, 365 (Tex.Crim.App. 2005). Given Salerno's motion failed to properly specifically or particularly object to the content or form of the complaints to the justice court or trial court, any deficiencies of the actual complaints itself are waived, because they were not properly preserved for our review.

We agree with the State that the citation has properly invoked the jurisdiction in the justice court. TEX.CODE CRIM.PROC.ANN. art 27.14(d). Once Salerno pled not guilty or refused to plea, in which case the justice court could have entered a not guilty plea on his behalf on June 11, Article 27.14(d)

> [A] complaint shall be filed that conforms to the requirements of Chapter 45 of this code, and that complaint serves as on original complaint.

So, in accordance with Article 27.14(d), complaints were sworn and filed on September 4. Turning to Article 45.018(b), we note a defendant is entitled to notice of a complaint not later than the day before *the date of any proceeding* in the prosecution. Under these facts, that could only be the September 15 trial date, so Salerno's notice date would have been any date prior to September 14.[1]

---

[1] Article 45.001 instructs justice court procedures are intended to provide fair notice; a meaningful opportunity to be heard; appropriate dignity without undue formalism; adherence to rules with sufficient flexibility to serve the ends of justice; and to process cases without unnecessary expense or delay. Salerno's chief grievance is ground in his lack of

## CONCLUSION

The State's point of error is sustained. We reverse the trial court and remand for proceedings consistent with this opinion.


April 3, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

---

actual receiving or being shown the complaints. However, he freely acknowledges he has copies and has attached them to his motions. We have failed to uncover any caselaw or statute that offers a remedy for this alleged error. However, under Article 45.001, he appears to have fair notice of the complaints lodged against him.

11